UNITED STATES, Appellee

v

ADELL E. SMITH, Airman Third Class,
U. S. Air Force, Appellant

15 USCMA 416, 35 CMR 388

No. 18,373

May 28, 1965

*Lieutenant Colonel Joseph B. McMullin* argued the cause for Appellant, Accused. With him on the brief was *Colonel Robert O. Rollman.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

## Opinion of the Court

FERGUSON, Judge:

This is a poorly tried case. Although the accused's conviction of housebreaking and offering violence against his superior officer, in violation, respectively, of Uniform Code of Military Justice, Articles 130 and 90, 10 USC §§ 930, 890, and sentence to bad-conduct discharge, confinement and forfeitures have been affirmed below, the record reflects a surprising inattention to preparation for, and conduct of, a crim-

416

inal trial. Such led directly to our grant of accused's petition on three issues dealing with the action of the law officer in permitting trial counsel to reopen his case, after commencing his final argument, in order to introduce in evidence the accused's confession; whether that confession was thereafter properly received, in the absence of defense objection, without any proof of its voluntariness; and whether its mere tender in evidence, without the production of a single witness to authenticate it, was sufficient proof to sustain its admissibility as the accused's pretrial statement.

We need not examine these matters in detail. The transcript indicates the trial counsel failed utterly to connect the accused in any way with the offenses charged, although certain testimony volunteered by the prosecutrix indicated the existence of proof in the form of a hat left on the scene which bore "the last four numbers of a serial number [and] which I turned over to the Air Police."

Thereafter, both sides immediately rested their cases. During his closing argument, trial counsel discovered he had overlooked an exhibit and was permitted to reopen his case, over objection, and tender such in evidence. This exhibit purported to be accused's pretrial confession and was received on the basis of its offer alone and the defense counsel's statement that he objected thereto only on account of reopening of the Government's case. No effort was made to prove voluntariness of the statement or to authenticate it in any manner.

We do not question the action of the law officer in permitting the prosecution to reopen his case and and submit additional evidence of accused's guilt. Cf. United States v Kennedy, 8 USCMA 251, 24 CMR 61; Manual for Courts-Martial, United States, 1951, paragraph 71a. The ruling was within his discretion, as on any occasion on which either side desires to present additional material, relevant, and noncumulative evidence to the court. Morgan v United States, 294 F2d 911 (CA DC Cir) (1961); Annotation, 87 ALR2d 849; United States v Kennedy, supra. Having thus ruled, however, he, as well as the trial counsel, bore the responsibility for seeing a tendered pretrial confession was introduced only after preliminary proof of its voluntariness and authenticity or, in the absence of such evidence, finding "the defense expressly consents to the omission of such a showing." Manual, supra, paragraph 140a; United States v Bryson, 3 USCMA 329, 12 CMR 85. And it is not enough to say he relied upon the absence of defense objection, for the Manual itself declares "a waiver of an objection does not operate as a consent if consent is required." Manual, supra, paragraph 154d; United States v Smith, 13 USCMA 105, 32 CMR 105.

Under the muddled circumstances before us, we find no room to saddle the responsibility for these derelictions solely on the accused's failure to object to the improper procedures employed. We simply decline to assume, on this record, that evidence as important as a complete extrajudicial confession may be treated as voluntary; that it was unnecessary to further develop the case; and that an untutored airman, represented by appointed counsel, should bear the brunt of the Government's deficiencies. Cf. United States v Parker, 6 USCMA 75, 19 CMR 201. On the whole, saving definitive treatment of the important questions presented for the future, we hold the failure to comply with the ordinary procedures in the context of this record deprived the accused of a trial consonant with the standards laid down by the Code and the Manual, supra. We reverse and remand for another hearing at which the parties—bearing in mind the sentiments here expressed—will have an opportunity fairly to support their respective contentions of guilt or innocence.

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Air Force. A rehearing may be ordered.

Chief Judge QUINN and Judge KILDAY concur.