UNITED STATES, Appellee

v

ADELL E. SMITH, Airman Third Class,
U. S. Air Force, Appellant

16 USCMA 274, 36 CMR 430

No. 18,373

June 24, 1966

*Lieutenant Colonel Milton E. Kosa* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph Buchta.*

*Lieutenant Colonel Thomas J. Connolly* argued the cause for Appellee, United States. With him on the brief was *Colonel Emanuel Lewis.*

### Opinion of the Court

KILDAY, Judge:

The question presented by this appeal is whether the Commander, Headquarters, 1405th Aeromedical Transport Wing (Scott Air Force Base, Illinois), was authorized to order the present rehearing of the appellant or was he foreclosed therefrom by the action of Commanding General, 1st Strategic Aerospace Division (Vandenberg Air Force Base, California), the original convening authority.

This is a case of first impression and resulted from our previous reversal of the appellant's conviction of charges of housebreaking and offering violence to his superior officer, under Articles 130 and 90, Uniform Code of Military Justice, 10 USC §§ 930 and 890, respectively. In our opinion in the case (15 USCMA 416, 35 CMR 388), we reversed the decision of the board of review and

held that "A rehearing may be ordered." Our mandate to the Judge Advocate General of the Air Force informed that authority that:

". . . such proceedings [may] be had in said case as will cause the convening authority to order a rehearing, if such rehearing is practicable; and, such other and further proceedings as according to right and justice and the Uniform Code of Military Justice ought to be had. . . ."

In pursuance thereof, the Judge Advocate General supplied the staff judge advocates at Vandenberg Air Force Base, California, whose commander was the convening authority for accused's initial trial, and Scott Air Force Base, Illinois, where accused was reassigned following the completion of his sentence at Leavenworth, to await execution of the previously adjudged bad-conduct

**274**

discharge, with copies of this Court's decision and mandate. In his letter of transmittal, the Judge Advocate General directed in pertinent part as follows:

"2. Pursuant to the provisions of Article 67(f) of the Uniform Code of Military Justice, and paragraph 101 of the Manual for Courts-Martial, United States, 1951, you are instructed to take action in accordance with the Opinion and Mandate of the Court of Military Appeals. The procedures prescribed in paragraph 84, AFM 110–8, 20 March 1959, will be followed."

To place in proper focus the question under consideration, the above-noted citations are set forth.

Article 67(f), Uniform Code of Military Justice, 10 USC § 867:

"After it has acted on a case, the Court of Military Appeals may direct the Judge Advocate General to return the record to the board of review for further review in accordance with the decision of the court. Otherwise, unless there is to be further action by the President or the Secretary concerned, the Judge Advocate General shall instruct the convening authority to take action in accordance with that decision. If the court has ordered a rehearing, but the convening authority finds a rehearing impracticable, he may dismiss the charges."

Since to all intents and purposes the appropriate section of paragraph 101 of the Manual is a restatement of Article 67(f), it is not being repeated.

Paragraph 84, AFM 110–8, Military Justice Guide:

"a. When, pursuant to a decision of a Board of Review or a mandate issued as a result of a decision of the Court of Military Appeals, a rehearing is authorized and the accused is at that time no longer under the control of the original general court-martial jurisdiction, the following procedures will be used:

(1) The Judge Advocate General will transmit the original letter of transmittal and the decision of the Board of Review or mandate to the Commander presently exercising general court-martial jurisdiction over the accused. Such commander will be responsible for publishing the supplementary order directing that the findings of guilty and sentence be set aside, including a direction either that 'the charges are dismissed' or that 'a rehearing is ordered before a court-martial hereafter designated.' Ordinarily, the commander exercising court-martial jurisdiction over the accused in the Disciplinary Barracks or Retraining Group will not appoint a court-martial to rehear the case but will depend upon the general court-martial authority (referred to in '(2)' below) who originally had jurisdiction over the trial of the case to determine whether a rehearing should be ordered. If the latter commander determines that such a hearing should be held, he will request that the accused be returned to his command for the purpose of rehearing or will reach an understanding as to further proceedings with the commander having general court-martial jurisdiction over the place of confinement or with another commander exercising general court-martial jurisdiction.

(2) The Judge Advocate General will transmit a *copy* of the letter of transmittal or mandate to the general court-martial authority who originally had jurisdiction over the trial of the case. Such general court-martial authority will immediately notify the commander currently exercising general court-martial jurisdiction over the accused as to whether he wishes to have the case reheard. He will advise as to the place of trial for the rehearing if within his own command or will initiate any action required to provide for proceedings elsewhere.

(3) Based upon information received from the general court-martial authority referred to above,

the commander presently exercising general court-martial jurisdiction over the accused will publish the supplementary order, and, in the event a rehearing is ordered, take such action as is required to place the accused at the situs of such hearing.

"b. The procedure set forth above does not preclude, in an appropriate case, an agreement being reached between the general court-martial authorities concerned to rehear a case within the command of the commander presently exercising general court-martial jurisdiction over the accused."

Following receipt of the Judge Advocate General's communication, the staff judge advocate at Scott, in accordance with the provisions of AFM 110-8, requested advice from Vandenberg as to whether a rehearing was to be ordered "so that we can cut the supplemental order." Vandenberg replied as follows:

". . . DUE TO LAPES [sic] OF TIME AND DISCHARGE AND TRANSFER OF MATERIAL WITNESSES, REHEARING IN THE CASE OF A3C SMITH IS NOT CONSIDERED PRACTICAL [sic]; THEREFORE, NO REHEARING IS DESIRED OR CONTEMPLATED. REQUEST ACTION BE TAKEN IN ACCORDANCE WITH PARAGRAPH 84, AFM 110-8, DIRECTING THAT FINDINGS OF GUILTY AND SENTENCE BE SET ASIDE AND THAT CHARGES BE DISMISSED."

Despite this clear direction, Scott requested that Vandenberg return the record of trial of the appellant "so that we may make an independent judgment as to whether a rehearing is practical [sic]." Vandenberg complied with this request and, in addition, supplied information concerning the status of the previous witnesses and some miscellaneous information concerning the previous trial. Vandenberg's letter closed with the following statement:

"Under the circumstances, the prosecution of a successful rehearing at this late date would not appear to be sufficiently probable to justify the expenditure of funds and manpower such a rehearing would entail."

Nevertheless, the appellant was tried by a general court-martial convened by the Commander, 1405th Aeromedical Transport Wing (MATS), Scott Air Force Base, Illinois, under an endorsement to the original charge sheet. From his conviction he now appeals and raises the question posed above.

Since a rehearing is but "a continuation of the former proceeding" (Hearings before House Armed Services Committee on HR 2498, 81st Congress, 1st Session, page 1180; House Report No. 491, 81st Congress, 1st Session, page 30; Senate Report No. 486, 81st Congress, 1st Session, page 27), it follows that trial by court-martial is a unitary proceeding which convenes with the initial hearing on the merits, proceeds through appellate channels, and ends with affirmance of conviction or, in the event of reversal, repetition of the trial and review procedures or dismissal of the charges. Implicit in this process is the fact that the convening authority occupies a judicial position and his actions in that capacity amount to an exercise of the sovereign judicial power of the United States. Articles 22–29, Uniform Code of Military Justice, 10 USC §§ 822–829; United States v Nix, 15 USCMA 578, 36 CMR 76. Under the Code, supra, Article 64, he is empowered to disapprove a finding and sentence for any reason or for no reason (Hearings before House Armed Services Committee, supra, pages 1182–1184) ; and, in accordance with Article 67(f), supra, he may dismiss the charges, if he "finds a rehearing impracticable," even though appellate authority has *ordered* a rehearing. Such an *order* is in actuality merely an authorization for a rehearing and is not a mandatory direction. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 133. Thus, if at any time after the commencement of the initial hearing on the merits, the convening authority dismisses the charges, they cannot be reinstituted without the consent of the accused. Article 44, Uniform Code of Military Justice, 10 USC § 844. Cf. United States v Werthman, 5 USCMA 440, 18 CMR 64.

In anticipation of the possibility that

when a rehearing is authorized a previously-convicted accused would no longer be under the control of the original general court-martial jurisdiction, the Secretary of the Air Force supplied guidelines to be followed with respect thereto. AFM 110–8, supra. In that directive he placed responsibility upon the Commander presently exercising general court-martial jurisdiction over the accused for "publishing the supplementary order directing that the findings of guilty and sentence be set aside, including a direction either that 'the charges are dismissed' or that 'a rehearing is ordered before a court-martial hereafter designated.'" With reference to the general court-martial authority who originally had jurisdiction over the case, the Secretary directed that individual to "immediately notify the commander currently exercising general court-martial jurisdiction over the accused as to whether he wishes to have the case reheard." The remainder of the directive, as noted above, including paragraph "b," relates to procedures to be followed as to the situs of a rehearing, *in the event one is ordered.* Nothing in this directive, in our opinion, implies that authority to determine whether a rehearing will be ordered rests in the discretion of the general court-martial authority presently exercising jurisdiction over the accused.

The language of the original convening authority in response to the Judge Advocate General's communication could not be clearer. He informed the authority at Scott Air Force Base that:

". . . REHEARING IN THE CASE OF A3C SMITH IS NOT CONSIDERED PRACTICAL [sic]; THEREFORE, NO REHEARING IS DESIRED OR CONTEMPLATED. REQUEST ACTION BE TAKEN IN ACCORDANCE WITH PARAGRAPH 84, AFM 110–8, DIRECTING THAT FINDINGS OF GUILTY AND SENTENCE BE SET ASIDE AND THAT CHARGES BE DISMISSED."

We hold, therefore, that the charges in this case were ordered dismissed by the original convening authority and that the instant rehearing was not authorized.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force. The charges are ordered dismissed.

Chief Judge QUINN and Judge FERGUSON concur.