UNITED STATES, Appellee

v

CANDIDO RIVERA, Private First Class,
U. S. Army, Appellant

20 USCMA 6, 42 CMR 198

No. 22,817

August 7, 1970

*Captain Howard L. Kaplus* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel T. Ghent.*

*Captain Thomas W. Phillips* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger, Captain William R. Steinmetz,* and *Captain Salvatore A. Romano.*

## Opinion

FERGUSON, Judge:

The accused was convicted, upon his plea of guilty, of one specification each of being absent without leave, larceny in excess of $100.00, and housebreaking, in violation of Articles 86, 121, and 130, Uniform Code of Military Justice, 10 USC §§ 886, 921, and 930, respectively. He was sentenced to a bad-conduct discharge, total forfeitures, confinement at hard labor for one and one-half years, and reduction. The convening authority approved the findings and sentence without change. The United States Army Court of Military Review affirmed but reduced the confinement portion of the sentence to twelve months.

We granted review on the following issue:

Whether the staff judge advocate erred to the substantial prejudice of the appellant by failing to inform the convening authority in either the pretrial advice or the post-trial review that the appellant's immediate commander had recommended that he not be discharged from the service.

When a convening authority acts up-

on a case, either before or after trial, he does so only after obtaining the advice of his staff judge advocate. This is a requirement established by law. Articles 34 and 61, Code, supra, 10 USC §§ 834 and 861. If the advice is erroneous, inadequate, or misleading, the substantial rights of the accused may be prejudiced. See, generally, United States v Greenwalt, 6 USCMA 569, 20 CMR 285 (1955); United States v Grice, 8 USCMA 166, 23 CMR 390 (1957); United States v Johnson, 8 USCMA 173, 23 CMR 397 (1957); United States v Fields, 9 USCMA 70, 25 CMR 332 (1958); United States v Bennie, 10 USCMA 159, 27 CMR 233 (1959); United States v Foti, 12 USCMA 303, 30 CMR 303 (1961); United States v Collier, 19 USCMA 580, 42 CMR 182 (1970). As we said in United States v Foti, supra, at page 304:

". . . [W]hen . . . there are factors which would have a substantial influence on the decision of the convening authority, they should be furnished to him."

In the case at bar, we believe that the recommendation of the accused's company commander that he not be separated from the service is such a factor. The company commander is probably in the best position of anyone in the service to recognize the future value of a member of his command. He knows the serviceman's capability and can gauge the potential impact the remission of a punitive discharge would have on his men. The commander's recommendation in this case is understandable for at the time of the commission of the charged offenses the accused was but eighteen years of age. He had, however, already so conducted himself in combat that he was awarded the Bronze Star medal with "V" (valor) device. Since his enlistment in the Army, less than one year before, each of two conduct and efficiency ratings had been excellent and there was no evidence of prior military or civilian convictions or punishment under Article 15, Code, supra, 10 USC § 815.

It is at the level of the convening authority that an accused has his best opportunity for relief because of the former's broad powers which are not enjoyed by Courts of Military Review or even by this Court. United States v Wilson, 9 USCMA 223, 26 CMR 3 (1958). The convening authority has absolute power to disapprove the findings and sentence, or any part thereof, for any or no reason, legal or otherwise. United States v Massey, 5 USCMA 514, 18 CMR 138 (1955); United States v Smith, 16 USCMA 274, 36 CMR 430 (1966). Because the convening authority can act for any or no reason, the staff judge advocate's review should include all *pertinent* matters. United States v Fields, supra. The better the convening authority is informed the more fairly and justly will he exercise his discretion. United States v Foti, supra.

It can hardly be contended that the company commander's recommendation as to the retention of the accused in the service was not pertinent, or that it may not have had a substantial influence on the subsequent action. While we have no way of knowing whether the convening authority would have heeded that recommendation, he at least should have been afforded the opportunity to consider it. The recommendation was made by a responsible officer of his command and he, therefore, might well have accepted it "as the concept that 'loyalty down breeds loyalty up' is deeply ingrained in the military, and is, in almost all instances, a salutary one." United States v Greenwalt, supra, at page 574. Where there is doubt, it should be resolved in favor of the accused. United States v Johnson, supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for a new post-trial review and action by the convening authority.

QUINN, Chief Judge (concurring in the result):

Considering that the accused had entered into a pretrial agreement with

the convening authority in which he indicated that a sentence extending to a dishonorable discharge and confinement at hard labor for three years was agreeable to him, I find it difficult to conclude that he was prejudiced by what appears to be the inadvertent failure by his commanding officer to strike the word "not" from the phrase "should (not) be eliminated from the service" on the printed form letter used to transmit the charges, with his recommendation for trial by general court-martial. However, the accused's combat record is so substantial as to justify unusual caution in assessment at this level of review of the effect of the staff judge advocate's omission. Accordingly, I join in directing return of the record of trial to the convening authority for a new review.

DARDEN, Judge (dissenting):

In addition to receiving the benefits of counsel at trial, Rivera had his advice during the investigation of these charges. Nothing suggests that the appellant did not exercise his right to examine the pretrial advice. United States v Beatty, 10 USCMA 311, 27 CMR 385 (1959). Failure to challenge its contents during the course of trial thus bars the defense from raising the issue on appeal. United States v Mickel, 9 USCMA 324, 26 CMR 104 (1958); cf. United States v Schalck, 14 USCMA 371, 34 CMR 151 (1964).

During his court-martial the appellant did not introduce his immediate commander's favorable recommendation as a matter of mitigation to be considered by the court in assessing sentence. He did not attempt to rebut the contrary recommendation of the post-trial reviewer by the use of the favorable recommendation he had the privilege of doing. He should not now be afforded the opportunity. Cf. United States v Wismann, 19 USCMA 554, 42 CMR 156 (1970).

In any event, I believe the appellant is unharmed. The content of a post-trial review is eclectic. United States v Cash, 14 USCMA 96, 33 CMR 308 (1963). In this instance, four officers, including the appellant's immediate commander, recommended that Rivera be tried by general court-martial. The appellant then negotiated a guilty plea agreement with the convening authority that included a dishonorable discharge. Furthermore, the post-trial review omits the battalion commander's countervailing recommendation that Rivera be separated from the service. Considering all the circumstances in this case, I disagree that the recommendation in question might have had a substantial influence on the convening authority's action. I would affirm the decision of the Court of Military Review.