UNITED STATES, Appellee

v

BILLY W. BOATNER, Private,

U. S. Army, Appellant

20 USCMA 376, 43 CMR 216

No. 23,396

February 26, 1971

*Colonel George J. McCartin, Jr.,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Lieutenant Colonel Charles W. Schiesser.*

*Colonel David T. Bryant* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Benjamin G. Porter,* and *Captain Mark Rosenberg.*

## Opinion of the Court

FERGUSON, Judge:

The issue in this case is the same as in United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970). In *Rivera*, a majority of this Court directed that a new post-trial review and action by the convening authority was required because the staff judge advocate, in preparing the review, failed to inform the convening authority that Rivera's immediate commanding officer had recommended, prior to trial, that Rivera not be eliminated from the service.

Despite his plea of not guilty, the accused in this case was convicted by general court-martial, conducted by a military judge alone, of three specifications of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. His sentence to a bad-conduct discharge, total forfeitures, confinement at hard labor for eleven months, and reduction to the grade of E–1, has remained unchanged through appellate review to this level. The Court of Military Review affirmed the findings and sentence without comment on August 11, 1970. This Court's opinion in *Rivera*, dated August 7, 1970, apparently was not considered by the Court of Military Review in its deliberations.[1]

In the case at bar, the commanding officer, acting in compliance with paragraph 32*f*, Manual for Courts-Martial, United States, 1969 (Revised edition), that he make a specific recommendation as to the disposition of the charges, forwarded the court-martial charges and allied papers to the next higher command. His letter of transmittal contained, among other matters, the following comment:

"4. Administrative board action . . . (has not) been initiated. It is my opinion that the accused . . . (should not) be eliminated from the service."

It is the failure of the acting staff judge advocate to include this opinion in the post-trial review, which he prepared, that is the subject matter of our grant of review in this case. United States v Rivera, supra.

When a convening authority acts upon a case, either before or after trial, he does so only after obtaining the advice of his staff judge advocate. This is a requirement established by law. Articles 34 and 61, Code, supra, 10 USC §§ 834 and 861. If the advice is erroneous, inadequate, or misleading, the substantial rights of the accused may be prejudiced. See generally, United States v Greenwalt, 6 USCMA 569, 20 CMR 285 (1955); United States v Grice, 8 USCMA 166, 23 CMR 390 (1965); United States v Johnson, 8 USCMA 173, 23 CMR 397 (1957); United States v Fields, 9 USCMA 70, 25 CMR 332 (1958); United States v Bennie, 10 USCMA 159, 27 CMR 233 (1959); United States v Foti, 12 USCMA 303, 30 CMR 303 (1961); Collier v United States, 19 USCMA 511, 42 CMR 113 (1970). As we said in United States v Foti, supra, at page 304:

". . . [W]hen . . . there are factors which would have a substantial influence on the decision of the convening authority, they should be furnished to him."

It is at the level of the convening authority that an accused has his best opportunity for relief because of the former's broad powers which are not enjoyed by Courts of Military Review or even by this Court. United States v Wilson, 9 USCMA 223, 26 CMR 3

---

[1] United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970), was the basis for elimination of the punitive discharge and reduction of confinement and forfeitures by a United States Army Court of Military Review in United States v Brown, No. 422833 (ACMR December 17, 1970). However, in United States v Fleenor, No. 423112 (ACMR October 5, 1970), decided by a United States Army Court of Military Review, composed of different members, *Rivera* was held not to apply to the circumstances of that case.

(1958). The convening authority has absolute power to disap- prove the findings and sentence, or any part thereof, for any or no reason, legal or otherwise. United States v Massey, 5 USCMA 514, 18 CMR 138 (1955); United States v Smith, 16 USCMA 274, 36 CMR 430 (1966). Because the convening authority can act for any or no reason, the staff judge advocate's review should include all *pertinent* matters. United States v Fields, supra. The better the convening authority is informed the more fairly and justly will he exercise his discretion. United States v Foti, supra.

It can hardly be contended that the company commander's recommendation as to the retention of the accused in the service was not pertinent, or that it may not have had a substantial influence on the subsequent action. While we have no way of knowing whether the convening authority would have heeded that recommendation, he at least should have been afforded the opportunity to consider it. The recommendation was made by a responsible officer of his command and he, therefore, might well have accepted it "as the concept that 'loyalty down breeds loyalty up' is deeply ingrained in the military, and is, in almost all instances, a salutary one." United States v Greenwalt, supra, at page 574. Where there is doubt, it should be resolved in favor of the accused. United States v Johnson, supra.

Unlike Rivera, who was a decorated combat veteran, it would seem that there is little about this accused that would justify the recommendation of the commanding officer that he be retained in the service. He enlisted on March 13, 1969, and went absent without leave for the first time on July 14, 1969, barely four months thereafter. From that time until his final return on February 26, 1970, from the third unauthorized absence, he was almost constantly in that status. Yet, the fact remains that the recommendation was made and, importantly, it came from a commander whose main func-

tion is to *process charges against returnees who have been absent without leave.* His experience with this particular group of individuals places him in a unique position to gauge their potential for rehabilitation. If only for this reason alone, his view as to retention in the service should be especially meaningful. Certainly, it deserved to be considered along with that of the author of the post-trial review who believed that the sentence, including the punitive discharge, was appropriate and recommended its approval. The latter's recommendation, standing alone, carries great weight for, in those cases where the convening authority takes an action different from that recommended by the staff judge advocate, he must, by letter to the Judge Advocate General, state his reasons therefor. Paragraph 85c, Manual, supra. There is no such requirement when the opinion or recommendation of a commanding officer is not followed.

The accused was just one month beyond his eighteenth birthday when he enlisted in the Army. He had completed only ten years of schooling and his GT score is listed as seventy-nine. He purportedly absented himself in order to assist his parents who were in poor health and in a bad financial situation. He worked as a mechanic during his absence and assisted them financially. Following his conviction, he communicated by letter with the convening authority and requested leniency. Therein he stated his realization of his wrong, the fact that he should be punished, and expressed his willingness to return to duty and serve his country honorably. The letter was forwarded with "approval," by the correctional officer. The latter noted that "Since his confinement, Private Boatner has not been disciplined and his overall conduct as a prisoner has been satisfactory."

Under the circumstances of this case, we believe that the failure of the acting staff judge advocate to include in his post-trial review the commanding officer's opinion that the accused should not be eliminated from the serv-

ice was prejudicial error. United States v Rivera, supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for a new post-trial review and action by the convening authority.

Chief Judge QUINN concurs.

DARDEN, Judge (dissenting):

In addition to the arguments in my dissent in United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970), I have other reasons for disagreeing with the majority of the Court in this case.

Paragraph 32f, Manual for Courts-Martial, United States, 1969 (Revised edition), provides that the commanding officer make a specific recommendation on the disposition of the charges he is forwarding to the next higher command. To me, disposition of the charges means whether they should be tried by a court-martial and, if so, the kind of court-martial that should try them. If this phrase is construed to obligate a commanding officer to recommend whether a convening authority should approve a punitive discharge awarded by a court-martial, the words appear to obligate him also to recommend how much confinement and the extent of the forfeitures the convening authority should approve.

I should think that a commanding officer who really believed a member of his command should not be punitively discharged would recommend a disposition other than a general court-martial. A commander who concurrently recommends trial by general court-martial and retention of the accused in service must be unfamiliar with the sentences usually given persons a general court-martial finds guilty.

Despite my disagreement that the Manual compels a commanding officer's comment on whether an accused should be discharged, I think a convening authority is well advised to have such a recommendation from a commanding officer who has observed an accused long enough to have an informed judgment on whether the accused is worthy of retention. In this case the commanding officer whose recommendation was not communicated to the convening authority had had the appellant under his command for not more than six days at most. The majority opinion emphasizes that this commanding officer, the head of a special processing detachment, had a singular talent for evaluating the rehabilitation potential of persons returned from unauthorized absences. If he could make a useful recommendation of this kind after observing a returnee for less than a week, he has an uncommon insight into human nature. I have nothing but admiration for the resourcefulness of the appellate defense counsel who suggested that we impute such perspicacity to this commanding officer.

As in Rivera I would affirm the decision of the Court of Military Review because of my confidence that the convening authority's decision in this instance would have been unaffected by the knowledge that this particular commanding officer who thought the appellant should be tried by general court-martial also thought he should not be discharged.