UNITED STATES, Appellee

v

PHILLIP J. ELLER, Private,
U. S. Army, Appellant

20 USCMA 401, 43 CMR 241

No. 23,574

March 5, 1971

*Colonel George J. McCartin, Jr.,* and *Lieutenant Colonel Charles W. Schiesser* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway,* and *Captain Benjamin P. Fishburne, III,* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

In this case, as in United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970), and United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971), the staff judge advocate erred by failing to inform the convening authority, in the post-trial review, that Eller's immediate commanding officer had recommended, prior to trial, that Eller not be eliminated from the service. Regarding the nature of the error, we said in *Boatner*:

"It is at the level of the convening authority that an accused has his best opportunity for relief because of the former's broad powers which are not enjoyed by Courts of Military Review or even by this Court. United States v Wilson, 9 USCMA 223, 26 CMR 3 (1958). The convening authority has absolute power to disapprove the findings and sentence, or any part thereof, for any

or no reason, legal or otherwise. United States v Massey, 5 USCMA 514, 18 CMR 138 (1955); United States v Smith, 16 USCMA 274, 36 CMR 430 (1966). Because the convening authority can act for any or no reason, the staff judge advocate's review should include all *pertinent* matters. United States v Fields, . . . [9 USCMA 70, 25 CMR 332 (1958)]. The better the convening authority is informed the more fairly and justly will he exercise his discretion. United States v Foti, . . . [12 USCMA 303, 30 CMR 303 (1961)].

"It can hardly be contended that the company commander's recommendation as to the retention of the accused in the service was not pertinent, or that it may not have had a substantial influence on the subsequent action. While we have no way of knowing whether the convening authority would have heeded

that recommendation, he at least should have been afforded the opportunity to consider it. The recommendation was made by a responsible officer of his command and he, therefore, might well have accepted it 'as the concept that "loyalty down breeds loyalty up" is deeply ingrained in the military, and is, in almost all instances, a salutary one.' United States v Greenwalt, . . . [6 USCMA 569, 20 CMR 285 (1955)] at page 574. Where there is doubt, it should be resolved in favor of the accused. United States v Johnson, . . . [8 USCMA 173, 23 CMR 397 (1957)]."

The facts in this case are strikingly similar to those which pertained in *Boatner*. Both were assigned to special processing detachments at the time of trial and each accused was charged with being absent without leave. While Boatner enlisted in the armed forces, this accused was drafted. Boatner absented himself in order to obtain civilian employment and to help his parents who were in poor health. Eller's father was deceased and after his mother, who is sixty-eight years of age, was operated on for cancer and kidney trouble, she required the accused's assistance to care for her and to operate the farm where she lived alone. The accused left school at the age of sixteen, having attained only the eighth grade, and his GT score is listed as sixty-six. Boatner, with ten years of schooling had a GT score of seventy-five. As in *Boatner*, there is little about this accused that would seem to justify the recommendation of the commanding officer (a Major) that he be retained in the service. Yet, the fact remains that the recommendation was made and, importantly, it came from a commander of a unit, the main function of which is to process charges against returnees who have been absent without leave. The commander's experience with this particular group of individuals places him in a unique position to gauge their potential for rehabilitation. If only for this reason alone, his view as to retention in the service should be especially meaningful. Certainly, it deserved to be considered along with that of the author of the post-trial review who recommended that the sentence, including the punitive discharge, be approved. The latter's recommendation, *standing alone*, carries great weight for, in those cases where the convening authority takes an action different from that recommended by the staff judge advocate, he must, by letter to the Judge Advocate General, state his reasons therefor. Paragraph 85c, Manual for Courts-Martial, United States, 1969 (Revised edition). There is no such requirement when the opinion or recommendation of a commanding officer is not followed.

Under the circumstances of this case, we believe that the failure of the staff judge advocate to include in his post-trial review the commanding officer's opinion that the accused should not be eliminated from the service was prejudicial error. United States v Rivera and United States v Boatner, both supra.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A new post-trial review and action by the convening authority may be ordered.

Chief Judge QUINN concurs.

DARDEN, Judge (dissenting):

I dissent for reasons expressed in dissenting opinions in United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970), and United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971).