UNITED STATES, Appellee

v

JESSIE L. PARKER, Specialist Four, U. S. Army, Appellant

No. 26, 788

June 15, 1973

*Colonel Arnold I. Melnick, Captain Dennis D. Daly,* and *Captain J. Vincent Aprile, II,* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Stan L. Spangler, Captain M. Douglas Deitchler, Captain Richard L. Menson, Captain Richard K. Bank,* and *Captain R. Craig Lawrence,* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

DUNCAN, Judge:

In the case at bar, the commanding officer, Captain Richards, acting in compliance with paragraph 32, Manual for Courts-Martial, United States, 1969 (Revised edition), forwarded the court-martial charges and allied papers to the next higher command with the recommendation that Parker be tried by general court-martial, but that he not be eliminated from the service. The staff judge advocate, in his pretrial advice, informed the convening authority, Major General Burnett, of this recommendation. However, the staff judge advocate did not include this advice in the post-trial review. Because of an interim change of command, Major General Hamlet received the post-trial review and approved the sentence of the court-martial which included a bad-conduct discharge. The Court of Military Review distinguished

this Court's opinions in United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971), and United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970) "on the basis of the nature of the offenses and other facts and circumstances involved." The court found it "inconceivable that the convening authority would have taken a more lenient action even if he had been advised of the unit commander's recommendation against elimination."

In United States v Boatner, we said:

It is at the level of the convening authority that an accused has his best opportunity for relief because of the former's broad powers which are not enjoyed by Courts of Military Review or even by this Court. United States v Wilson, 9 USCMA 223, 26 CMR 3 (1958). The convening authority has absolute power to disapprove the findings and sentence, or any part thereof,

for any or no reason, legal or otherwise. United States v Massey, 5 USCMA 514, 18 CMR 138 (1955); United States v Smith, 16 USCMA 274, 36 CMR 430 (1966). Because the convening authority can act for any or no reason, the staff judge advocate's review should include all *pertinent* matters. United States v Fields . . . [9 USCMA 70, 25 CMR 332 (1958)]. The better the convening authority is informed the more fairly and justly will he exercise his discretion. United States v Foti . . . [12 USCMA 303, 30 CMR 303 (1961)].

It can hardly be contended that the company commander's recommendation as to the retention of the accused in the service was not pertinent, or that it may not have had a substantial influence on the subsequent action. While we have no way of knowing whether the convening authority would have heeded that recommendation, he at least should have been afforded the opportunity to consider it. The recommendation was made by a responsible officer of his command and he, therefore, might well have accepted it "as the concept that 'loyalty down breeds loyalty up' is deeply ingrained in the military, and is, in almost all instances, a salutary one." United States v Greenwalt . . . [6 USCMA 569, 574, 20 CMR 285, 290 (1955)]. Where there is doubt, it should be resolved in favor of the accused. United States v Johnson . . . [8 USCMA 173, 23 CMR 397 (1957)].

20 USCMA at 377, 378, 43 CMR at 217, 218.

The appellant was convicted of two specifications alleging robbery. He did not actively participate in the commission of the offense, but was identified by two of the principal actors as the driver of the getaway car. Appellant denied under oath any complicity in the offense and contended that on the day in question he merely picked up three hitchhikers and drove them where they requested. He did not know that a robbery had taken place when the three men entered his car.

Captain Richards, the aforementioned commanding officer, testified for the appellant in extenuation and mitigation. He had been Parker's commanding officer for the previous 6 months, during which time Parker had been a clerk in the supply room and the company driver. Captain Richards testified that he "had very personal knowledge" of the appellant as his office was next to the supply room and they "had long conversations on several occasions." He believed that Parker's "job performance was excellent" and that "he's got reasonably good leadership potential for a man of his military experience and pay grade." Richards was impressed with the appellant's initiative.

Staff Sergeant Jones testified that he had been appellant's supply sergeant for the previous 7 months. In his opinion, the appellant performed his job very well. Jones would like to have appellant back in the unit even knowing that he had been found guilty of robbery.

At the time of trial, the appellant, who enlisted in the Army at age 17, had served 3 years and 5 months of a 4-year enlistment with no record of prior court-martial convictions. He had served two tours of duty overseas, in Korea and Vietnam, and was entitled to wear the Vietnam Service Medal, Vietnam Campaign Ribbon with appropriate battle stars, the Armed Forces Expeditionary Medal, and the National Defense Service Medal. During his period of enlistment he received seven excellent and one good conduct and efficiency reports. Appellant testified that he desired to make a career of the service.

■ Under the circumstances of this case, we believe that the failure of the staff judge advocate to include in the post-trial review the commanding officer's opinion that the appellant not be eliminated from the service was prejudicial error. United States v Boatner, supra.

One further item bears mentioning. We note that while the opinion of the Court of Military Review utilized the term "we find," the opinion itself was signed by only one judge, a second judge being noted as absent. No mention is made of the third judge.

■ This Court has previously held

that two members of a board of review (predecessor of the Court of Military Review) must act in agreement in order to constitute a quorum and that there is no finding unless a majority agree. See United States v Leggio, 12 USCMA 319, 30 CMR 319 (1961); *cf.* United States v Petroff-Tachomakoff, 5 USCMA 824, 19 CMR 120 (1955).

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for a new post-trial review and action by the convening authority.

QUINN, Judge concurs.

DARDEN, Chief Judge (dissenting):

For the reasons set forth in my separate opinions in United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971), and United States v Rivera, 20 USCMA 6, 42 CMR 198 (1970), I would affirm the decision of the U.S. Army Court of Military Review.