UNITED STATES, Appellee

v

VICTOR E. SHELTON, Private, U. S. Army, Appellant

No. 28,075

August 2, 1974

*Captain Gordon R. Denison* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Lieutenant Colonel Edward S. Adamkewicz, Jr.,* and *Captain T. Barry Kingham.*

*Captain Richard A. Gallivan* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain David A. Schlueter.*

## OPINION OF THE COURT

QUINN, Judge:

On the accused's plea of guilty, a general court-martial in Korea convicted him of willfully and maliciously setting fire to an inhabited dwelling and sentenced him to a bad-conduct discharge, total forfeitures, and confinement at hard labor for 5 years. The convening authority affirmed the findings of guilty but reduced the period of confinement to 30 months, the term provided in a pretrial agreement with the accused. On this appeal, appellate defense counsel contend that the accused was prejudiced as to the sentence by the staff judge advocate's failure to apprise the convening authority that the accused's "company and battalion commander had recommended trial by special court-martial not empowered to adjudge a bad conduct discharge."

In a letter transmitting the charges, the accused's company commander recommended "trial by Special Courts-Martial." The first endorsement by the battalion commander refers to the "seriousness of the charges" and expresses concurrence "with the Company Commander's recommendation that this case be tried by a Special Court-Martial." Appellate defense counsel construe the recommendation to mean that each commander contemplated reference of the charge to a special court-martial that would proceed without a reporter, and, therefore, have no authority to impose a punitive discharge. See AR 27-10, paragraph 2-16*b*, 26 November 1968, and change 3, 27 May 1969. From that hypothesis, counsel argue that the recommendations are tantamount to a recommendation that the accused be retained in the service, and the failure of the staff judge advocate to so advise the convening authority was prejudicial to the ac-

cused. See United States v Boatner, 20 USCMA 376, 43 CMR 216 (1971).

Considering the battalion commander's emphasis of the "seriousness of the charges," it seems most unlikely that he intended his recommendation for trial by special court-martial to include a remonstrance for accused's retention in the service. The unlikelihood reaches the point of certainty when consideration is given to the substance of the action by the company commander in which he concurred.

The company commander's letter of transmittal is dated February 2. The preceding day, he prepared a personal history statement regarding the accused which included comments as to his "reaction" to the accused. He indicated that the accused was not "frank," was not "cooperative," and that the accused had no "rehabilitative value." This contemporary assessment of the accused's character and potential for creditable service argues against any interpretation of his recommendation for trial by a special court-martial that suggests he believed the accused should be retained in the service, especially when his recommendation also noted that the accused's performance before "the offense charged has been unsatisfactory." See United States v Edwards, 23 USCMA 202, 48 CMR 954 (1974). Consequently, we perceive no reasonable possibility that inclusion of the disputed matter in the staff judge advocate's post-trial advice would have influenced the convening authority to disapprove the bad-conduct discharge adjudged by the court-martial or reduce the other portions of the sentence below the limits provided in the agreement between the accused and the convening authority's predecessor in office.[1]

The decision of the Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

---

[1] The pretrial agreement as to the plea and sentence provided that the convening authority would not approve a sentence in excess of a dishonorable discharge, confinement at hard labor for 30 months, total forfeiture of pay and allowances, and reduction to the lowest enlisted grade.