UNITED STATES

v.

Airman Albert K. H. PHILLIPPY, FR 174–46–2580 Headquarters, 43d Strategic Wing, Lowry Technical Training Center (ATC).

ACM 22065(f rev).

U. S. Air Force Court of Military Review.

8 April 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain David A. Bateman.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Gilbert J. Regan.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

LeTARTE, Chief Judge:

Upon initial review of the record of trial in this case, we affirmed findings of guilty of Charges II and III and their specifications, set aside the finding of guilty of Charge I and its specification and, in accordance with paragraphs 81*b*(3) and 92*a*, Manual for Courts-Martial, 1969 (Rev.), ordered a combined rehearing.[1] *United States v. Phillippy*, No. 22065, 2 M.J. 297 (A.F.C.M.R. 2 October 1976). On 2 November 1976, the original convening authority advised the commander then exercising general court-martial jurisdiction over the accused that he deemed a rehearing practicable and recommended that the proceedings be held in the current convening authority's command.[2] Subsequently, having determined that a rehearing was not practicable, the new convening authority, despite the accused's objection, dismissed Charge I and

---

1. The accused was convicted of wrongfully transferring heroin (Charge I and its specification), wrongfully attempting to possess heroin (Charge II and its specification), and conspiring to import heroin into a United States territory (Charge III and its specification), in violation of Articles 134, 80 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 880, 881.

2. This procedure was followed consonant with guidance set forth in AFM 111–1(C2), Military Justice Guide, 8 October 1976, paragraph 8–7.

its specification and reassessed the sentence.[3]

In a single assignment of error upon further review, appellate defense counsel allege that the new convening authority was not empowered to dismiss the affected charge and reassess the sentence, over the accused's objection, in light of the original convening authority's determination that a rehearing was practicable. We disagree.

■ As a general rule, absent an authorization by the appellate tribunal ordering a rehearing, a case directed to be reheard should be referred to the original convening authority. *United States v. Robbins*, 18 U.S.C.M.A. 86, 39 C.M.R. 86 (1969). And when the original convening authority determines that a rehearing is not practicable, and thus that the affected charges should be dismissed, the officer currently exercising general court-martial jurisdiction over the accused has no power to direct a rehearing. *United States v. Smith*, 16 U.S. C.M.A. 274, 36 C.M.R. 430 (1966). However, an accused's right to a rehearing ordered by the original convening authority is not jurisdictional and can be waived by failure to object. *United States v. Martin*, 19 U.S.C. M.A. 211, 41 C.M.R. 211 (1970); *United States v. Hart*, 19 U.S.C.M.A. 438, 42 C.M.R. 40 (1970).

In the instant case, we are faced with the reverse of the situation encountered in *United States v. Smith*, supra. Here, the original convening authority determined that a rehearing was practicable but requested the new convening authority to assume the responsibility for further proceedings against the accused. Subsequently, the latter officer disagreed with the former's evaluation, dismissed the charge and reassessed the sentence over the accused's

objection. We perceive no irregularity in this procedure.

■ Under the *Smith* rule, supra, once the original convening authority has determined that certain charges against an accused should be dismissed rather than reheard, no other action can be taken by the officer currently exercising general court-martial jurisdiction over the accused without the accused's consent. *United States v. Smith*, supra. The reason for this rule is obvious; the original convening authority's determination has effectively removed the charges from further consideration. On the other hand, when the original convening authority determines that a rehearing is practicable but transfers his authority over the charges to a different convening authority, the latter officer thereby assumes the same prerogative with respect to those charges as previously held by the former. This includes the authority to decide anew whether a rehearing is practicable or the charges should be dismissed.

■ Having decided that the new convening authority was empowered to dismiss the charge in issue and reassess the sentence, we must next decide whether his reassessment under the circumstances of this case was appropriate. We find that it was not.

Prior to sentencing, the military judge determined that the maximum punishment that could be adjudged included confinement at hard labor for 35 years, 10 years each for the wrongful transfer and possession offenses and 15 years for the conspiracy to import. In their initial brief, appellate defense counsel, citing *United States v. Courtney*, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976),[4] complained that the maximum confinement thus computed was erroneous. We did not address

3. The sentence originally imposed by the court included dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for 11 years and reduction in grade to airman basic. The original convening authority approved the sentence after reducing the confinement to seven years. Upon reassessment, the new convening authority approved the discharge, forfeiture and reduction provisions but further reduced the confinement to five and one-half years.

4. In *Courtney*, the Court held that the maximum punishment for offenses charged as violations of Article 134, Code, supra, must be limited to that imposable under Article 92 for "virtually identical conduct."

this contention in our original decision since we returned the case for a combined rehearing and assumed the correct maximum punishment would be calculated whether the case was reheard or the sentence reassessed. In our opinion, the new convening authority erred in reassessing the sentence on the basis of a maximum which included seven years confinement.

The accused was tried and convicted before *Courtney*, supra, was decided. At that time the maximum sentence did include 35 years confinement at hard labor. *United States v. Walter*, 20 U.S.C.M.A. 367, 43 C.M.R. 207 (1971). Nevertheless, had the rehearing been convened, the maximum sentence then imposable would have been limited to that determinable upon application of the *Courtney* rule, dishonorable discharge, confinement at hard labor for *four* years and the accessory penalties.[5] For this reason, we believe that reassessment should have been predicated upon the maximum sentence imposable under Article 92 for the same offenses.

We will eliminate any possibility of prejudice to the accused by again reassessing the sentence. Having done so, we find that only so much thereof as provides for dishonorable discharge, confinement at hard labor for two and one-half years, forfeiture of all pay and allowances and reduction in grade to airman basic is appropriate.

The findings of guilty were affirmed in our original decision. The sentence, as modified herein, is

AFFIRMED.

FORAY, Judge, concurs.

EARLY, Senior Judge, absent.

---

**5.** When committed, both of the offenses of which the accused stands convicted were proscribed by Air Force regulation. The gist of the conspiracy offense was an unlawful agreement to introduce heroin into a military installation on Guam.