**UNITED STATES**

v.

**Enlow R. RINGOR, Jr., 335 50 0052, Seaman Recruit (E-1), U. S. Navy.**

**NCM 77 1157.**

U. S. Navy Court of Military Review.

Sentence Adjudged 4 March 1977.

Decided 13 Sept. 1977.

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

ROOT, Judge:

Appellant was convicted at a special court-martial bench trial of numerous offenses in violation of Articles 86, 89, 90, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 889, 890, 892. He was sentenced to a bad conduct discharge, confinement at hard labor for two months, and forfeitures of $175.00 per month for two months. Intermediate reviewing authorities have approved the sentence without modification or suspension.

 Appellant assigns as error in this case the fact that the military judge recommended that the adjudged bad conduct discharge be suspended for a reasonable period of time and avers that lower reviewing officials failed to take this recommendation into account when acting on the findings and sentence. It is clear that omission of this fact from the review of the staff judge advocate is error. *United States v. Rivera,* 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970); *United States v. Boatner,* 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971); *United States v. Arnold,* 21 U.S.C.M.A. 151, 44 C.M.R. 205 (1972); *United States v. Lee,* 23 U.S.C.M.A. 303, 49 C.M.R. 552 (1975). We do not agree that it necessarily follows that the supervisory authority failed to consider this recommendation in taking his action on this case. There is a rebuttable presumption that the convening (supervisory) authority has read the record and has determined that matters therein were consistent with his action. *United States v. Wise,* 6 U.S.C.M.A. 472, 477, 20 C.M.R. 188, 193 (1955); *United States v. Johnson,* 21 U.S.C.M.A. 270, 45 C.M.R. 44 (1972).

 Copies of the staff judge advocate's post-trial review were served on the appointed military counsel and the individual

military counsel who represented the appellant at trial, pursuant to the requirements of *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). The appointed defense counsel provided no comments concerning the review, and the individual military counsel, while commenting on two other matters which he considered misleading in the staff judge advocate's advice, did not challenge the accuracy or sufficiency of the advice concerning sentence.

In *United States v. Goode, supra,* Judge Ferguson, speaking for the United States Court of Military Appeals, held that failure of the defense counsel to challenge any matter in the staff judge advocate's advice which he considers erroneous, inadequate or misleading, within 5 days of service of such advice upon him, "will normally be deemed a waiver of any error in the review." *Id.* at 370, 50 C.M.R. at 4, 1 M.J. at 6.

Prior to *Goode,* omission from the staff judge advocate's advice to the convening (or supervisory) authority, of a reference to the fact that the military judge had recommended suspension of a portion of the sentence, would have required corrective action. *United States v. Rivera, supra; United States v. Boatner, supra; United States v. Eller,* 20 U.S.C.M.A. 401, 43 C.M.R. 241 (1971); *United States v. Arnold, supra.* We believe that if *Goode* is to be accorded any meaning, then only errors which result in a manifest miscarriage of justice, or which would otherwise seriously affect the fairness or integrity of judicial proceedings are now preserved for appellate review. Under the circumstances disclosed in the case at bar, applying the waiver rule announced in *Goode supra,* would not produce a manifest injustice or seriously affect the fairness or integrity of the judicial proceedings.

Accordingly, the findings and sentence as approved below are affirmed.

Chief Judge CEDARBURG concurs.

GREGORY, Judge (dissenting):

I differ from the majority only in their application of the law to the facts of this case. I concur that failure of trial defense counsel to bring erroneous, inadequate, or misleading matters in a post-trial review to the attention of the cognizant reviewing authority constitutes waiver unless application of the doctrine of waiver would produce a manifest injustice or seriously affect the fairness or integrity of the proceedings. *See United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975); *United States v. Hodge,* No. 77 0120 (N.C.M.R. 3 June 1977); *United States v. Berry,* 54 C.M.R. 871, 2 M.J. 576 (A.C.M.R.1977); *United States v. Thorpe,* 3 M.J. 704 (A.C. M.R.1977).

In my view, however, omission of any reference to a military judge's recommendation for suspension of a discharge is a matter of particular significance and one which could affect the basic fairness of the proceedings. It is at the level of the convening authority (and the supervisory authority) that an accused has his best opportunity for any relief with respect to his sentence. *United States v. Boatner,* 20 U.S. C.M.A. 376, 43 C.M.R. 216 (1971); *United States v. Eller,* 20 U.S.C.M.A. 401, 43 C.M.R. 241 (1971). I believe there is more than a fair risk that neither the convening authority nor the supervisory authority was aware of the military judge's recommendation in this case. *Cf. United States v. Johnson,* 21 U.S.C.M.A. 270, 45 C.M.R. 44 (1972); *United States v. Hommel,* 21 U.S.C.M.A. 277, 45 C.M.R. 51 (1972).

Under the circumstances of this case, I would not apply the doctrine of waiver. Rather, I would set aside the actions of the convening authority and supervisory authority and return the record of trial for new actions.