UNITED STATES

v.

**Sergeant Robert W. SUTTON, FR 552–82–2251, United States Air Force.**

**ACM 22356.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 Dec. 1977.

Decided 11 July 1978.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Major Alvin E. Schlechter and Lieutenant Colonel Charles B. Lewis, Jr., USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

HERMAN, Judge:

It is argued by appellate defense counsel that because of an inordinate delay in forwarding the record of trial to this court after action by the convening authority, the accused has suffered prejudice requiring reassessment of the sentence. In this case, we disagree.

The accused was convicted, in accordance with his pleas, by a military judge sitting as a general court-martial, of sodomy, indecent liberties, and lewd and lascivious acts, all upon children under the age of sixteen, in violation of Articles 125 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 925, 934.

■ In his excellent oral argument, the associate appellate defense counsel suggested that we create a time standard for the interval between the action of the general court-martial convening authority and the forwarding of the record to this Court, a violation of which would result in a mandatory test for prejudice to the accused. We find no need for such a standard, although we deplore unreasonable delays of this nature. We shall, of course, test for prejudice in any case in which such delays may affect the accused's appellate rights or the serving of his sentence. In any case where prejudice is found, relief may be granted by reassessment of the sentence or other appropriate remedial action.

■ In the case before us, the post-trial clemency evaluation contained several recommendations for the accused to be sent to the Air Force retraining program at Lowry Air Force Base, Colorado. There were, however, other statements which indicated that the accused's military qualities and job performance were somewhat below standard, and that his psychological makeup was immature in emotional and intellectual development. A well written response to the staff judge advocate's review from the circuit defense counsel,[1] placing further emphasis on the recommendations for retrain-

1. *United States v. Goode,* 23 C.M.R. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

ing, provided the staff judge advocate an opportunity for reconsideration of his recommendations; it also placed before the convening authority another interpretation of the matters in mitigation and extenuation.

Considering all of the factors entering into a decision to send an accused to the retraining program, we are constrained to reject counsel's argument that the author of the review, the staff judge advocate and the convening authority were arbitrary, capricious or unreasonable by failing to grant the requested relief.[2]

■ The record is otherwise free from error. No other prejudice has been averred to us by counsel; we have tested for prejudice because of the delay of 53 days from the time of action to the forwarding of the record, and find none.

■ In the absence of specific prejudice, delay in appellate review is not grounds, in and of itself, for relief. *United States v. Clark*, 22 U.S.C.M.A. 570, 48 C.M.R. 77 (1973); *United States v. Timmons*, 22 U.S. C.M.A. 226, 46 C.M.R. 226 (1973) and cases cited therein; see also, *United States v. Burns*, 2 M.J. 78 (C.M.A.1976).

We find no merit in the other assignment of error advanced by appellate defense counsel.

For the foregoing reasons, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and ORSER and ARROWOOD, Judges, concur.

---

2. This is distinguishable from the line of cases wherein the convening authority was *not advised* of mitigating matters in the post-trial review, as here he had all such matters at hand when he decided against retraining. See *United States v. Parker*, 22 U.S.C.M.A. 358, 47 C.M.R. 10 (1973); *United States v. Boatner*, 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971), and cases cited therein.