UNITED STATES, Appellant

v.

Adam P. PEREZ, Senior Airman
U.S. Air Force, Appellee

No. 08-5002

Crim. App. No. 36799

United States Court of Appeals for the Armed Forces

Argued February 6, 2008

Decided March 18, 2008


PER CURIAM.  STUCKY, J., filed a separate opinion concurring in
the result.


Counsel


For Appellant:  Captain Jason M. Kellhofer (argued); Colonel
Gerald R. Bruce and Major Matthew S. Ward (on brief).


For Appellee:  Captain Tiaundra Sorrell (argued); Colonel Nikki
A. Hall (on brief); Major Shannon A. Bennett.


Military Judge:  Print Maggard


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Perez, No. 08-5002/AF

PER CURIAM:

A general court-martial composed of a military judge sitting alone, convicted Appellee, pursuant to mixed pleas, of disobeying an order, rape, and assault consummated by battery, in violation of Articles 92, 120, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 928 (2000).  The sentence adjudged by the court-martial included a bad-conduct discharge, confinement for eighteen months, and reduction to the lowest enlisted grade.  The convening authority modified the findings by dismissing the charge and specification for rape, and approved that portion of the sentence providing for a bad-conduct discharge, confinement for 206 days, and reduction to the lowest enlisted grade.  The United States Air Force Court of Criminal Appeals affirmed the findings, as modified by the convening authority, and approved that portion of the sentence providing for confinement for six months and reduction to the lowest enlisted grade.  United States v. Perez, No. ACM 36799, 2007 CCA LEXIS 364, at *10-*11, 2007 WL 2791251, at *4 (A.F. Ct. Crim. App. Sept. 12, 2007) (unpublished).

Upon certification under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000), we affirm the decision of the Court of Criminal Appeals.  As a matter of command prerogative, the convening authority may modify or dismiss charges and modify the sentence.  See Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1)

2

(2000).  Although the convening authority is required to take action on the sentence, the convening authority is not required to act on the findings.  The broad authority under Article 60(c), UCMJ, includes the power to dismiss charges and reassess a sentence to cure a legal error or moot allegations of such.  The Court of Criminal Appeals has an independent responsibility to "affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."  Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).  The action taken on appellate review in this case was within the power granted to the Court of Criminal Appeals by Article 66(c), UCMJ.  See United States v. Sales, 22 M.J. 305 (C.M.A. 1986).

United States v. Perez, No. 08-5002/AF

STUCKY, Judge (concurring in the result):

The Judge Advocate General of the Air Force certified this case to this Court for review of whether the convening authority properly reassessed Appellee's sentence. The majority holds that the Air Force Court of Criminal Appeals' (AFCCA) action was within the power granted to it by Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2000). I agree that, under our precedents, the AFCCA did not err; however, I have serious doubt about some of those precedents and therefore write separately.

As the majority notes, the convening authority's action on the findings and sentence of a court-martial "is a matter of command prerogative involving [his] sole discretion." Article 60(c)(1), UCMJ, 10 U.S.C. § 860(c)(1) (2000). He has "absolute power to disapprove the findings and sentence, or any part thereof, for any or no reason, legal or otherwise." United States v. Boatner, 20 C.M.A. 376, 378, 43 C.M.R. 216, 218 (1971). In performing his post-trial duties, "his role is similar to that of a judicial officer," and there exist "virtually no limitations upon his ameliorative judicial powers." United States v. Fernandez, 24 M.J. 77, 78 (C.M.A. 1987); United States v. Hamilton, 39 C.M.R. 356, 357 (A.B.R. 1968).

United States v. Perez, No. 08-5002/AF

In United States v. Reed, 33 M.J. 98 (C.M.A. 1991), this Court noted that a convening authority is not required to correct legal errors, but "it is entirely appropriate and certainly commendable for a convening authority in his discretion to undertake curing such an error before the case reaches appellate levels." Id. at 99. But "[w]here he does so, his action must be guided by the same rules applicable to appellate authorities." Id. The accused must be "'placed in the position he would have occupied if an error had not occurred.'" Id. at 99-100 (quoting United States v. Hill, 27 M.J. 293, 296 (C.M.A. 1988)). In other words, the convening authority must either approve a sentence no greater than the sentencing authority would have adjudged absent the error or order a sentence rehearing. See id. (citing United States v. Sales, 22 M.J. 305, 308 (C.M.A. 1986); United States v. Suzuki, 20 M.J. 248, 249 (C.M.A. 1985)).

I have serious doubt as to whether this holding can be squared with the plain language of Article 60, UCMJ, or the traditional understanding of the convening authority's powers set out above. However, as this issue was neither briefed nor argued in this case, and the AFCCA's action was not erroneous under existing precedent, I concur in the result.

2