UNITED STATES, Appellee,

v.

John H. CREE, Specialist Four, U.S. Army, Appellant.

No. 30,694.

U. S. Court of Military Appeals.

Nov. 7, 1975.

*Colonel Alton H. Harvey, Captain J. D. Miller,* and *Captain Sammy S. Knight* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen* and *Captain Gary F. Thorne* were on the pleadings for Appellee, United States.

## OPINION

COOK, Judge:

The accused contends that the staff judge advocate's post-trial review is prejudicially misleading because it conveys an impression that he was convicted of wrongfully communicating a threat, whereas he was acquitted of that offense. He relies upon *United States v. Lindsey,* 23 U.S.C.M.A. 9, 48 C.M.R. 265 (1974).

This case is not like *United States v. Lindsey.* There, the staff judge advocate represented that the accused had been convicted of an offense when, in fact, he had been acquitted; here, the staff judge advocate twice iterated that the accused was acquitted of the offense in issue. Thus, the post-trial advice is factually correct. What then is wrong with it?

According to appellate defense counsel the error consists of the inclusion of a summary of the evidence as to the acquitted offense and an enumeration of the elements of the offense. There can be occasions when summarization of the evidence presented in regard to an offense of which the accused has been acquitted may be properly included in the review. For example, an accused tried for larceny and unauthorized absence might be convicted only of the latter offense. His acquittal of the larceny charge could have come about because of evidence of his excellent character [1] and that evidence would certainly have a place in the review, at least in consideration of the sentence. But even if

1. See *United States v. Barnhill,* 13 U.S.C.M.A. 647, 33 C.M.R. 179 (1963).

the evidence as to the acquitted offense is unfavorable, it still can properly be included in the review.

A convening authority may consider matter bearing upon an accused's sentence that is not part of the evidence relating to the offenses of which the accused is convicted. Matter relevant to the sentence may come even from sources outside the transcript of trial.[2] While the accused must be accorded the opportunity to rebut or explain adverse material from outside the record of trial,[3] the inclusion of such matter in the post-trial advice is legally correct. True, matter relating to the sentence alone normally appears in a part of the review dealing with that aspect of the case, whereas, here it appears in the section summarizing all the evidence introduced at trial. As we read the review, the staff judge advocate was merely following his formula for preparation of the advice, which provided for a summary of all the testimony in the order in which witnesses testified and an enumeration of the elements of all offenses charged in the order in which the offenses were listed on the charge sheet. That sort of approach may be pedestrian, but it is neither unlawful nor deceptive.

The decision of the Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

I do not believe the appellant was prejudiced in this instance by the inclusion of the appropriately labeled acquittal evidence in the review. I so conclude only because, under the case law as it presently stands, the convening authority was entitled, if not, in fiction, required,[4] to read the entire record of trial which contained the very evidence which Judge Ferguson concludes was impermissibly set forth in the review.

I share Judge Ferguson's concern that only impermissible motives could have led the staff judge advocate to include such evidence in his review of this case. Where such a practice exists in other commands, it should be discontinued absent a truly extraordinary, enunciated reason for its inclusion coupled with a cautionary instruction to the convening authority. However, at this time, I am unwilling to hold that it was prejudicial for the convening authority to read the acquittal evidence in the review when he lawfully could have examined the same evidence by perusing the trial transcript.

FERGUSON, Senior Judge (dissenting):

I dissent. I believe that appellant has appropriately cited *United States v. Lindsey*, 23 U.S.C.M.A. 9, 48 C.M.R. 265 (1974), as dispositive.

As was the circumstance in *Lindsey*, the staff judge advocate in his review of this case noted on the front cover that the appellant had been acquitted of the charge of concern, but in the body of the review he not only discussed all the evidence presented at trial by the prosecution relating to this offense, but also in a separate part of the review he listed the elements of this crime, just as would have been proper had the appellant been convicted rather than acquitted. The only distinction between the case at bar and *Lindsey* is that here, at the very end of the paragraph listing the elements of the threat offense, the review indicates, "The court found the accused not guilty of this offense." I do not believe that, in light of the discussion of the evidence and the listing of the elements, this alone is sufficient to permit a result differ-

---

2. *United States v. Vara*, 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958); *United States v. Griffin*, 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957). Of course, such evidence cannot be used to increase the sentence adjudged by the court-martial, but it can militate against reduction or mitigation of the adjudged sentence.

3. The accused here was accorded the opportunity to rebut matter contained in the advice.

No rebuttal was presented. *See United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

4. *United States v. Johnson*, 21 U.S.C.M.A. 270, 45 C.M.R. 44 (1972); *United States v. Crider*, 45 C.M.R. 815, 828 (N.C.M.R.1972).

ent from that dictated in *Lindsey.* As we observed in that case:[5]

It is at the convening authority's level that the accused has his best opportunity for relief, for that official possesses broad powers over the findings and sentence that are not within the authority of the Courts of Military Review or this Court. *United States v. Rivera,* 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970). In order to exercise his authority, the convening authority must be properly informed as to the case. *United States v. Foti,* 12 U.S.C.M.A. 303, 30 C.M.R. 303 (1961); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958). When the review is erroneous, confusing, or misleading, he is unable to exercise his responsibility, as required by Article 64, UCMJ, 10 U.S.C. § 864.

. . . In light of this extended treatment, we cannot say that a fair risk does not exist that the convening authority was misled as to the findings of the court-martial and that the accused was not prejudiced.

Judge Cook notes in his opinion that trial evidence *favorable* to an accused which may have resulted in his acquittal of the offense involved, such as the accused's good character, "would certainly have a place in the review, at least in consideration of the sentence." The opinion goes on, however, to hold, without citation of any authority or rationale therefor: "But even if the evidence as to the acquitted offense is unfavorable, it still can properly be included in the review." I must except from that position.

While certain clearly defined matter outside the record may properly appear in the review under prescribed circumstances as having a bearing on sentence, I do not believe that trial evidence on a criminal allegation of which an accused was found not guilty is such material. To so permit, even in light of the fact that the accused and his counsel have the opportunity to rebut it, is to permit a situation which amounts to a new trial of his guilt in the review when he already has been found not guilty in the trial forum. I do not believe, therefore, that such matter has any bearing on what is an appropriate sentence for the convening authority to approve.

Furthermore, paragraph 86*b*(2) of the Manual[6] implies that there shall be no discussion in the review of charges of which the accused has been acquitted. That provision states, in pertinent part:

Neither a finding of not guilty nor a ruling of the court which amounts to a finding of not guilty requires any action by the convening authority thereon. He should neither approve nor disapprove the action of the court in such a case.
. . . The record of trial in a case involving an acquittal of all charges and specifications should be examined, however, to determine whether the court was properly constituted and had jurisdiction over the accused and the offense tried. A similar examination should be made with respect to findings of not guilty of some, but not all, of the specifications upon which the accused was tried.

As is clear from the above, since the only function of the convening authority as to charges of which an accused was acquitted is to review the record to determine the jurisdiction of the court over the accused and the offenses tried—and nothing else—there is absolutely no need for him to be apprised of the evidence of record concerning such charges or the elements of same.[7]

The potentially misleading nature of the included portions of the review in the instant case is buttressed by the concession in the lead opinion that, while matter "relat-

---

5. 23 U.S.C.M.A. 9–10, 48 C.M.R. at 265–66.

6. Manual for Courts-Martial, United States, 1969 (Rev.).

7. As the law does not require, in the case of an acquittal on a charge, any discussion of the trial proceedings relating thereto, the only imaginable purpose to be served by including in the post-trial review a summary of the prosecution evidence relating to alleged offensive activity of which an accused is acquitted, and thereby highlighting such record evidence in the mind of the convening authority, is to paint the accused as a worse scoundrel than he otherwise would appear.

ing to sentence alone [which is its reason for permitting the objectionable portion of the review under discussion] normally appears in a part of the review dealing with that aspect of the case . . . here it appears in the section summarizing all the evidence introduced at trial." Not only is such evidence in a portion of the review having nothing to do with sentence, but additionally the *elements* of the acquitted charge appear, for *no* apparent nor lawful purpose.

Therefore, not only do I believe that such material has no place in the post-trial review, whether to affect the convening authority's action on sentence or for any other purpose, but in the case at bar what was included, as well as where it was included, creates a serious risk of having misled the convening authority into believing that the appellant was convicted of the offense of concern. *United States v. Lindsey, supra.* Therefore, I would reverse.