ing to sentence alone [which is its reason for permitting the objectionable portion of the review under discussion] normally appears in a part of the review dealing with that aspect of the case . . . here it appears in the section summarizing all the evidence introduced at trial." Not only is such evidence in a portion of the review having nothing to do with sentence, but additionally the *elements* of the acquitted charge appear, for *no* apparent nor lawful purpose.

Therefore, not only do I believe that such material has no place in the post-trial review, whether to affect the convening authority's action on sentence or for any other purpose, but in the case at bar what was included, as well as where it was included, creates a serious risk of having misled the convening authority into believing that the appellant was convicted of the offense of concern. *United States v. Lindsey, supra.* Therefore, I would reverse.

## OPINION OF THE COURT

### PER CURIAM:

Here, as in *United States v. Cree,* 1 M.J. 210 (1975), the accused contends that the staff judge advocate's post-trial review is erroneous and prejudicial because it includes a summary of the evidence of an offense of which the accused was acquitted. For the reasons set out in our opinion in *Cree,* we affirm the decision of the Court of Military Review.

FERGUSON, Senior Judge (dissenting):

For the reasons set forth in my dissent in *United States v. Cree,* 1 M.J. 210 (1975), I dissent.

---

**UNITED STATES, Appellee,**

v.

**Ricky R. JOHNSON, Private, U. S. Army, Appellant.**

**No. 30,856.**

U. S. Court of Military Appeals.

Nov. 7, 1975.

---

**UNITED STATES, Appellee,**

v.

**Richard R. RADA, Private, U.S. Army, Appellant.**

**No. 30,826.**

U. S. Court of Military Appeals.

Nov. 7, 1975.

*Colonel Alton H. Harvey, Captain Michael R. Caryl,* and *Captain John M. Nolan* were on the pleadings for Appellant, Accused.

*Captain Larry R. McDowell* and *Captain Richard S. Kleager* were on the pleadings for Appellee, United States.

