**UNITED STATES**

v.

**Specialist Four Ricky W. TURNER, 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, US Army, Headquarters and Headquarters Company, United States Army School/Training Center, Fort McClellan, Alabama.**

**CM 433847.**

U. S. Army Court of Military Review.

Sentence Adjudged 1 July 1975.

Decided 12 March 1976.

OPINION OF THE COURT

COOK, Judge:

Appellant was tried for committing two assaults; one with intent to commit rape and the other with a force likely to produce grievous bodily harm. These crimes were alleged as violations of Articles 134 and 128 (10 U.S.C. §§ 934 and 928), respectively. A general court-martial, consisting solely of a trial judge, found appellant, contrary to his pleas, not guilty of the Article 134 charge, but guilty, in lieu thereof, of a simple assault under Article 128, Uniform Code of Military Justice, (UCMJ), and guilty as charged of the assault originally charged as an Article 128, UCMJ, offense. His approved sentence is set out above.

On appeal appellant asserts:

THE REVIEW OF THE STAFF JUDGE ADVOCATE WAS PREJUDICIALLY DEFICIENT IN THAT IT MISSTATED THE MAXIMUM IMPOSABLE SENTENCE AND INACCURATELY SUMMARIZED ONE OF THE OFFENSES. THIS ERROR WAS NOT WAIVED THROUGH COMPLIANCE WITH THE PROCEDURES DIRECTED IN *UNITED STATES V. GOODE*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, [1 M.J. 3] (1975).

The sole allusion to the "correct" maximum sentence in the staff judge advocate's post-trial review appears on the first page of the review. It states that twenty years is the period available for confinement. This is correct had the appellant been found guilty as charged, but is in error by a multiple of almost six as to the offenses of which appellant was in fact convicted. Three and a half years is the correct permissible maximum confinement. Though served with a copy of the review, trial defense counsel submitted nothing in rebuttal or response.

Prior to the effective date of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975),[1] this Court has held that a mistake of this type and magnitude was prejudicial error.[2] Although

Appellate Counsel for the Accused: CPT Peter V. Train, JAGC; CPT John R. Osgood, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

1. The court established the date of "on and after 15 May 1975," for future compliance with its mandate to serve a copy of the post-trial review on trial defense counsel.

2. *United States v. Bruce*, 46 C.M.R. 968 (A.C.M.R.1972); *United States v. Knoche*, 46 C.M.R. 458 (A.C.M.R.1972).

Government appellate counsel concedes the misstatement in the review is error, he would have this Court decline to define it as prejudicial on the theory that trial defense counsel waived that right when he failed to comment on this error after having been served with a copy of the review. Government counsel's argument is bottomed on the language used by the United States Court of Military Appeals when it established this requirement for service.[3] We agree with the Government's conclusion.

In establishing this rule as a desideratum of judicial administration, the author judge delineated its origins as well as its purpose in this language:

"This case and others coming before the Court make it apparent that the post-trial review of the staff judge advocate has occasioned recurrent complaints about what should be included in it. Similar outcries have been voiced because of the misleading nature of certain reviews. Because of these continual and often repeated claims of error, plus the delay in determining their validity and correction, we deem it appropriate and expedient to take corrective action."[4]

Senior Judge Ferguson then proceeded to set out the rule:

"Accordingly, it is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings. The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review."[5]

It would appear from an unstrained reading of the foregoing that "any error in the review" not objected to by the counsel for the accused after having been served with a copy of the review is waived and may not be made the subject of an error at the appellate level. We would be content to terminate our opinion and resolve this issue solely on this basis. We cannot, however, for such simplistic solutions are not the lot of appellate tribunals.

█ As indicated in the headnote of appellate defense counsel's allegation of error, quoted, *supra*, it is his position that this error was not waived through the *Goode* process. He relies principally on the opinion in *United States v. Austin*, 51 C.M.R. 16, 2 M.J. 391 (A.C.M.R.1975), which held that the waiver aspects of the rule enunciated in *Goode* are for application only as to matters contained in the review which were derived from a source *aliunde* the record and which are unrebutted or unexplained by the trial defense counsel after service on him of the review. Failure of the trial defense counsel to comment on any other types of erroneous material contained in the post-trial review, no matter how egregious they may be in character, does not, according to the *Austin* decision, constitute a waiver thereof. We disagree. While conceding that the factual context of the *Goode* case involved adverse matters from outside the record, which were presented to the convening authority at the time of his action without having first afforded the appellant the opportunity of rebuttal, we do not feel that such facts circumscribe the scope of the rule.

---

3. "The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review." *United States v. Goode, supra*, 50 C.M.R. at p. 4, 1 M.J. at p. 6.

4. *United States v. Goode, supra*, at p. 4, 1 M.J. at p. 6.

5. *Id.*

As noted above, there is no such delimiting language in the terms of the rule itself.[6] It seems implicit from a reading of the explanation for the rule [7] that the rule was designed to markedly reduce the number of cases entertained on appeal that are bottomed on allegations of mistakes in post-trial reviews. The interpretation placed on the *Goode* rule by *United States v. Austin, supra,* would not accomplish this objective since it would apply waiver to only a limited category of cases. Just how limited becomes obvious from a consideration of the vast assortment and variety of errors that can be alleged to have occurred in a post-trial review. A recent article in The Army Lawyer enumerates 36 separate potential pitfalls in connection with the preparation of a post-trial review.[8] To restrict the impact of the *Goode* waiver rule to only one or two of this multitude of possible errors would not appreciably ameliorate the "recurrent complaints" "the continual and often repeated claims of error, plus the delay in determining their validity and correction," as the *Goode* rule was designed to do. As we view the *Goode* rule, the United States Court of Military Appeals is using it not only to reduce the number of these types of cases to be considered on review, but the Court is also employing the rule as a prod to animate and impel trial defense counsel to a more active participation in the post-trial review procedure. The Court has repeatedly emphasized that, "(i)t is at the convening authority level that the accused has his best opportunity to receive clemen-

cy." [9] The Court appropriately recognizes that the trial defense counsel shares with the staff judge advocate the duty to insure that the convening authority receives the most accurate information possible to aid him in the exercise of his broad prerogatives relative to findings and, more particularly, the sentence.

We do not feel it will serve this salutary purpose if the waiver aspect of the rule is circumscribed as indicated in *United States v. Austin, supra.*[10]

In addition to invoking the *Austin* opinion to sustain his contention that the waiver provision of the *Goode* rule isn't for application in this case, appellate counsel for the defendant also cites the recent action of the United States Court of Military Appeals in the case of *United States v. Cree,* 1 M.J. 210 (1975). That case involved an alleged error in the post-trial review. The review had been served on the trial defense counsel, and that counsel had not submitted any rebuttal. Nevertheless, the Court entertained the error, and made no mention of the waiver rule. Any consolation that counsel can draw from that opinion concerning the appropriate application of the *Goode* rule is, in our view, effectively abased by a glance at the original record of trial in the *Cree* case. The post-trial review there involved was served on trial defense counsel on 20 March 1975, approximately two months prior to the effective date of the *Goode* rule.[11] The waiver concept had never been held applicable to a post-trial review situation prior to *Goode,*[12] nor do the

6. *See* textual material to footnotes 4 and 5.

7. *See* textual material to footnote 4.

8. La Haye, *Check List of Post-Trial Review Errors,* The Army Lawyer (Feb. 1976).

9. *United States v. Goode, supra,* at p. 3, 1 M.J. at p. 5; *United States v. Boatner,* 20 U.S.C. M.A. 376, 43 C.M.R. 216 (1971); *United States v. Wilson,* 9 U.S.C.M.A. 223, 26 C.M.R. 3 (1958); *United States v. Wise,* 6 U.S.C.M.A. 472, 20 C.M.R. 188 (1955). *See also United States v. Beatty,* 10 U.S.C.M.A. 311, 27 C.M.R. 385 (1959), wherein the author of the *Goode* rule expressed the opinion that service of a copy of the post-trial review on the trial defense counsel is mandated to give full effect to Article 38(c), UCMJ, and to aid counsel to

properly perform his duties under paragraph 48 *j*(3), MCM, US, 1951 (now paragraph 48*k*(3), MCM, 1969 (Rev. ed.)).

10. It should be noted that the application of this waiver provision would, of course, be subject to the same limitations, *e. g.,* manifest miscarriage of justice, as any other waiver rule.

11. *See* footnote 1, *supra.*

12. We note that *United States v. Austin, supra,* gratuitously discusses the *Goode* rule in connection with a pre-15 May 1975 situation. However, as that decision fails to find a waivable error, we deem our statement to be accurate.

briefs submitted to the United States Court of Military Appeals in the *Cree* case allude to such a concept. Little wonder that the *Cree* decision does not apply a waiver doctrine.

■■■■ In conclusion we hold that the misstatement of the maximum sentence in the post-trial review was error, but that the error was waived by the defense counsel's failure to object to it after having been served with a copy of the review. Although we haven't discussed it in detail, the Court also finds that the inaccurate summary of one of the offenses is, under the circumstances of this case, not prejudicial error. In the body of the review there is a lengthy, detailed accurate description of the same offense, which description, we find, amply offset any misleading impact the earlier inaccurate summary might have had. Additionally, as the trial defense counsel failed to note this mistake too, it was also waived.

The findings of guilty and the sentence are affirmed.

Senior Judge BAILEY and Judge DeFORD concur.