UNITED STATES

v.

Private First Class Roosevelt MILLER, 432–98–7559, US Army, Combat Support Company, 2d Battalion (Mechanized), 41st Infantry, 2d Armored Division, Fort Hood, Texas, 76546.

CM 433035.

U. S. Army Court of Military Review.

Sentence Adjudged 14 Jan. 1975.

Decided 28 July 1976.

Appellate Counsel for the Accused: CPT Stephen E. Halfhill, JAGC; CPT Edward E. Shumaker III, JAGC; CPT Lawrence E. Wzorek, JAGC; CPT Michael R. Caryl, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Nancy Battaglia, JAGC; CPT John F. DePue, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

DONAHUE, Judge:

Contrary to his pleas, the appellant was convicted by a court with members of forcible sodomy and assault in violation of Articles 125 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925 and 928. The approved sentence is set forth above.

■ In one of his assignments of error, the appellant insists that the court-martial lacked jurisdiction over him because his intelligence test scores failed to meet the minimum standards in force at the time of his induction. In support of his position, the appellant introduced as an appellate exhibit his "Record of Induction" (DD Form 47) which indicated that his intelligence test scores were below the ordinary acceptance standards for inductees. However, Item 20a of the appellant's exhibit is checked in the box entitled "Administratively Accepted." For the reasons set forth below, the categorization "Administratively Accepted" defeats appellant's attack on the court-martial's jurisdiction.

Standards applicable to appellant's induction are contained in Army Regulation 601–270, dated 18 March 1969 (as changed). Paragraph 4–11 of the regulation provides for terminal screening of inductees such as the appellant who do not meet ordinary induction standards. Subparagraphs b(3)(a) and (b) of paragraph 4–11 contain the specific authority for appellant's induction. In subparagraph b(3)(a) provision is made for personnel to be inducted in time of war or national emergency who would otherwise fall into the rejected category. Subparagraph b(3)(b) provides that Item 20a, DD Form 47 will be checked in the "Administratively Accepted" box when the inductee is accepted under these circumstances. The correct procedures were followed to induct the appellant during the existence of a state of national emergency.

The required national emergency existed under the authority of Presidential Proclamation 2914, dated 16 December 1950, 3 CFR, 1949–1953 Comp., page 99. This proclamation, which is the authority for a broad range of actions by the United States and its instrumentalities, has been in continuous effect from 16 December 1950 to date.

Like large numbers of his peers, the appellant was properly and legally inducted under the provisions of paragraph 4–11 b(3)(a)(b), AR 601–270 which derives its legal authority from the Presidential Proclamation. We hold that there is no merit to appellant's assertion that the court-martial lacked jurisdiction over him.

■ In another assignment of error, the appellant alleges that the charges of forcible sodomy and assault are multiplicious for both findings and sentencing purposes because the assault by slapping the victim was part of the force used in accomplishing the sodomy. We agree. The maximum imposable confinement was 10 years rather than 10 years and six months as

**548**

assumed by the judge and staff judge advocate. In view of the court's lenient sentence for appellant's despicable crime, we find he was not prejudiced by the minor sentencing error. We will modify the findings in our decretal paragraph.

We have considered the appellant's other assignments of error and find them to be nonmeritorious.

Accordingly, the findings of guilty of assault (Charge II and its specification) in violation of Article 128, U.C.M.J., are set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error and the entire record, the sentence is affirmed.

Senior Judge CLAUSE and Judge COSTELLO concur.