UNITED STATES, Appellee,

v.

Specialist Four Jerry K. TAYLOR, SSN 459–96–9926, United States Army, Appellant.

CM 436634.

U. S. Army Court of Military Review.

28 April 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Charles F. Schmit, Jr., JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Daniel A. Dolan, JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT

TALIAFERRO, Judge:

Appellant was convicted of stealing from the mail. His sentence to a bad-conduct discharge, confinement for eight months, total forfeitures and reduction to E–1 was approved by the convening authority.

Appellant contends that a postal inspector's search of the unit mail room, without a warrant or commander's authorization was unlawful, and that appellant's motion to suppress the evidence thereby produced was erroneously denied by the military judge. We disagree. Two opened envelopes had been found by the postal inspector in the typewriter well of the mail room desk. The desk was Government property and had been placed there only for the purpose of use by the mail clerks, of which the accused was one, in connection with official mail room duties. No personal items were allowed in the mail room except by written authorization. The military judge, in denying appellant's motion, ruled that appellant, under these circumstances, had no standing to object to the search. We agree with the military judge. The search of a Government desk not assigned to an individual and " . . . used for official business, for Government property, is not a search of the effects of a [person],

who is entitled to use the desk in the performance of his Government duties, and is not, therefore, subject to the . . . Fourth Amendment right of security against unreasonable search and seizure." *United States v. Weshenfelder,* 20 U.S.C. M.A. 416, 43 C.M.R. 256 (1971).

■ Appellant assigns error in that a record of nonjudicial punishment was admitted into evidence prior to sentencing, in contravention of the Court of Military Appeals ruling in *United States v. Booker,* 5 M.J. 238 (C.M.A.1977). Nonjudicial punishment was not involved in the *Booker* case, nor in *Middendorf v. Henry,* 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976) from which *Booker* flowed. We are therefore not willing to apply that portion of the *Booker* opinion, dealing with nonjudicial punishment, as the law in this case.

■ Generally, the doctrine of stare decisis does not attach to such parts of a court's opinion as are dicta. *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). *See also* 61 A.L.R.2d 1119. "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated." *Humphrey's Executor v. United States,* 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935). *See also Henderson v. United States,* 237 F.2d 169 (5th Cir. 1956); 61 A.L.R.2d 666.

The rule is particularly applicable in the case before us, wherein we find no lack of due process in the record. The record of nonjudicial punishment admitted as Prosecution Exhibit 5, reflects that appellant was properly advised of his rights, including the right to counsel and the right to demand trial, and his signature thereon attests to an affirmative waiver. In *Booker,* the matter of due process in nonjudicial proceedings was not before the Court.

The findings of guilty and the sentence are affirmed.

Judge MOUNTS concurs.

FULTON, Senior Judge, concurring:

Dissenting in *United States v. Dillard,* 4 M.J. 577, 582–83 (A.C.M.R.1977), I reflected upon the Court of Military Appeals' use of dictum and counseled adherence to it in that case. *Id.* at 582 n. 6. Because the result in which I join today may seem at variance, a brief explanation is due. In *Dillard,* we were dealing with an issue (equal protection requirements) that had been placed squarely before the Court of Military Appeals and argued in the case in which the dictum appeared, although the case eventually was decided on other grounds. Here we are not. No question as to the use of records of nonjudicial punishment was discernibly before that Court in *United States v. Booker,* 5 M.J. 238 (C.M.A. 1977), and there is no indication that the matter was briefed or argued. If, as my brother DeFord has suggested in another case, the Court of Military Appeals wishes its comments concerning nonjudicial punishment to portend "which way the law may develop in the future," a more pertinent and definitive discussion will be required to convince me. *See United States v. Washington,* 54 M.J. 615 (A.C.M.R.1978) (DeFord, J., concurring in result); *see also United States v. Provance,* 4 M.J. 819, 820–21 (A.C. M.R.1978) (Clausen, C. J., concurring in result).