**UNITED STATES, Appellee,**

v.

**Private First Class Gregory PEREZ, SSN 555–76–7315, United States Army, Appellant.**

**CM 434267.**

U. S. Army Court of Military Review.

31 Aug. 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain William J. Carter, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Major Michael B. Kennett, JAGC, were on the pleadings for appellee.

Before CLAUSEN, FULTON and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

FULTON, Senior Judge:

In November 1975 the appellant was convicted by a general court-martial of wrongfully possessing marijuana in the hashish form (Charge I), conspiracy to sell the same drug (Charge II), and two counts of larceny (Charge III). His sentence, as approved by the convening authority, extended to a dishonorable discharge, confinement at hard labor for four years and nine months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Upon review pursuant to the provisions of Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1970), this Court set aside the findings of guilty of Charges I and II because of impermissible trial references to the appellant's pretrial silence concerning the drug charges. The findings as to Charge III were not affected thereby and were affirmed. Our decision authorized the following:

The same or a different convening authority may dismiss the charges that have been set aside and reassess the sentence on the basis of the affirmed findings of guilty or set aside the sentence and order a rehearing on those charges that have been set aside and the sentence.

United States v. Perez, A.C.M.R. 434267, 23 June 1977 (mem.).[1] The record was transmitted to a different convening authority.[2] He elected to dismiss the charges that had been set aside (Charges I and II) and reassess the sentence based upon the approved findings as to Charge III. He then approved so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for two and one-half years, total forfeitures, and reduction to Private E–1. The case is now before us for further review pursuant to Article 66, supra.

Before making his decision to reassess the sentence, the new convening authority received written advice from his staff judge advocate. The document set forth a history of the case, outlined the convening authority's options, included personal data concerning the appellant, listed the elements of the offenses, summarized the evidence adduced at the trial, set forth the punishment limits, discussed clemency considerations, and concluded with a recommendation that the convening authority dismiss the charges affected by the error and that he reassess the sentence, rather than order a sentence rehearing, as to the remaining charge.

Throughout this stage of the proceedings, the appellant was not represented by counsel at Fort Leavenworth. Although presumably grateful for the reduction in his sentence, which resulted in his release from

1. Disposition of the case had been delayed to await the decision in United States v. Jackson, 3 M.J. 101 (C.M.A.1977).

2. The appellant's trial was held at his unit in the Federal Republic of Germany. The remand was to the general court-martial convening authority at Fort Leavenworth, Kansas, where the

appellant was confined at the United States Disciplinary Barracks. The letter of instructions issued by this Court informed the convening authority that his options included ordering a rehearing on the sentence only (as distinguished from reassessing the sentence himself).

confinement within a few weeks, the appellant "submits that since no counsel was appointed to represent his interests during the sentence reassessment procedure, and since he was not personally contacted, his post-trial rights have been violated." Pleadings on Further Review at 11.

Evidently recognizing that this is a case of first impression, the appellant adverts to the many protections that military law affords accused persons, noting in particular such recent decisions as *United States v. Goode*, 1 M.J. 3 (C.M.A.1975) (service of post-trial review on counsel for accused), and *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977) (continuing representation until new attorney designated). He concludes that, "with all these safeguards, there appears to be an area of oversight. That area is the present one of sentence reassessment following appellate remand." Pleadings on Further Review at 12. We agree.[3]

The Government's predictable answer is that *Goode's* requirement that a copy of the staff judge advocate's advice be served on counsel for the accused relates specifically and only to the advice known as a post-trial review prepared pursuant to Article 61 of the Uniform Code of Military Justice.[4] That is a correct description of the *Goode* rule. It does not, however, answer the question whether this appellant ought to have been afforded the services of counsel when the convening authority was reassessing (*i. e.*, determining) his sentence.[5]

The "appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S.Ct. 254, 257,

19 L.Ed.2d 336 (1967); *United States v. Jackson*, 5 M.J. 223, 225 (C.M.A.1978). Clearly, the stage of the proceedings in which the sentence is determined is a critical stage. *Compare Mempa v. Rhay, supra* (counsel required for post-trial proceeding for revocation of probation and imposition of deferred sentence), *with Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (counsel not required for revocation proceeding alone); *see also United States v. Pinkney*, 179 U.S.App.D.C. 282, 289–290, 551 F.2d 1241, 1248–49 (1976).

In courts-martial practice, the sentence initially determined by the trial judge or court members is not effective until approved by the convening authority who may reduce or suspend it. The importance of this stage of the proceedings is evidenced by the following view:

> It is at the level of the convening authority that an accused has his best opportunity for relief because of the former's broad powers which are not enjoyed by Courts of Military Review or even by . . . [the Court of Military Appeals].

*United States v. Boatner*, 20 U.S.C.M.A. 376, 377, 43 C.M.R. 216, 217 (1971). This was recognized in *United States v. Goode*, 1 M.J. 3, 5 (C.M.A.1975), and forms a part of its rationale for affording the opportunity to comment on a post-trial review before the convening authority acts upon the findings and sentence. *United States v. Turner*, 2 M.J. 778, 781 n. 9 (A.C.M.R.1976); *accord, United States v. Myhrberg*, 2 M.J. 534, 537 (A.C.M.R.1976) (en banc).

■■ Accordingly, we hold that the appellant should have been afforded counsel to represent him and the counsel notified in

---

**3.** This Court's letter of instructions, mentioned in Note 2, included no advice as to the designation of counsel in this case. Presumably we foresaw that if a full rehearing or rehearing on the sentence were ordered, counsel would be appointed, but we did not suggest that if the convening authority decided to reassess the sentence himself, the appellant might have some voice in the process.

**4.** 10 U.S.C. § 861. *United States v. Goode*, 1 M.J. 3, 6 (C.M.A.1975).

**5.** Recognizing an argument that they were the ones representing the accused at that time, appellate counsel point out that they received no notice of the action being taken. We note, moreover, that counsel filing the present pleading are not those who represented appellant when the case was before us earlier; yet the record contains no notice relating to the appearance—perhaps disappearance is the better word—of counsel. Obviously, no one regarded appellate counsel as representing the appellant once the case had been remanded. *Cf. United States v. Kelker*, 4 M.J. 323 (C.M.A.1978).

connection with the convening authority's reassessment of the sentence.[6] We can assure that this is done in future cases by the terms of our mandate and accompanying administrative instructions.

■ There remains for consideration the remedy to be effected in this case. Normally, we would require that which was done without the assistance of counsel at the convening authority level to be redone with the assistance of counsel (unless waived by the appellant). *Cf. United States v. Johnson*, 5 M.J. 664, 667–68 (A.C.M.R.1978); *United States v. Jones*, 4 M.J. 545, 547–48 (A.C.M.R.1977). Under the circumstances peculiar to this case, we regard that remedy as unnecessary. Although our sentence powers are not coextensive with those of a convening authority, we do have the power to reassess sentences. Article 66(c), UCMJ. 10 U.S.C. § 866(c). Yet, counsel now representing the appellant neither have asked us to reassess the sentence nor have they suggested any additional considerations that the convening authority should have had before him, or any different action he should have taken, when reassessing the sentence in accordance with his staff judge advocate's advice. Accordingly, we deem a further remand unnecessary.

Our own independent examination of the sentence also discloses no inappropriateness. The findings of guilty and the sentence are affirmed.[7]

Chief Judge CLAUSEN and Judge TALIAFERRO concur.

---

**6.** The notice may, but need not, be by serving a copy of the staff judge advocate's advice on counsel for the appellant. The advice, although bearing some similarity to a post-trial review, is the functional equivalent of the pre-trial advice rendered pursuant to Article 34, UCMJ, 10 U.S.C. § 834. A copy of that advice is not now required to be served on counsel for the accused and we do not intend by this opinion to legislate such a requirement although we understand that it is sometimes done as a matter of courtesy.

**7.** Aside from the error discussed in this opinion, counsel for the appellant have urged six other errors each of which was asserted when the case was before this Court the first time. Those assigned errors necessarily were resolved adversely to the appellant before the Court could remand the case as it did. We see no basis for reconsideration of those alleged errors.