| | | |
|---|---|---|
| U N I T E D    S T A T E S,<br>Appellant<br>v.<br>Private E-1 IRA J. WOODS,<br>JR., 457 06 2732,<br>United States Army,<br>Appellee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CERTIFICATE OF REVIEW<br><br>Court of Military Review<br>Case No. CM 437079<br><br>Docket No. _____ |

TO THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), 10 U.S.C. § 867(b)(2) the record of trial, and decision of the Court of Military Review, United States Army, in the above-entitled case, are forwarded for review.

2. Private Ira Woods was convicted by general court-martial, contrary to his pleas, of possession of a hypodermic syringe and needle in violation of Article 92, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge, confinement for seven months, and forfeiture of $250.00 pay per month for ten months. The convening authority approved the sentence. On 23 April 1979, in its Opinion of the Court, the United States Army Court of Military Review set aside the findings and sentence and dismissed the charge. *United States v. Woods,* CM 437079 (ACMR 23 April 1979). On 16 May 1979, the Army Court of Military Review denied the Government's Motion for Reconsideration of that Opinion.

3. It is requested this Court address itself to the following issue:

WHETHER THE COURT OF MILITARY REVIEW WAS CORRECT IN HOLDING THAT THE EXCEPTIONS CONTAINED IN THE ENACTING CLAUSE OF A REGULATION WHICH PROHIBITS POSSESSION OF A HYPODERMIC SYRINGE AND NEEDLE "EXCEPT IN THE COURSE OF OFFICIAL DUTY OR PURSUANT TO VALID PRESCRIPTION," ARE ELEMENTS OF THE OFFENSE WHICH THE PROSECUTION MUST PROVE, ALTHOUGH FACTS SUPPORTING THE EXCEPTIONS ARE NOT REASON-ABLY OBTAINABLE BY THE PROSECUTION AND LIE ESPECIALLY WITHIN THE CONTROL OR PECULIARLY WITHIN THE KNOWLEDGE OF THE ACCUSED, RATHER THAN THE EXCEPTIONS BEING SPECIAL DEFENSES REQUIRING "SOME EVIDENCE" THAT A DEFENSE APPLIES BEFORE THE PROSECUTION MUST PROVE BEYOND A REASONABLE DOUBT THAT AN ACCUSED IS NOT COVERED BY THE EXCEPTION.

THE JUDGE ADVOCATE GENERAL

Received a copy of the foregoing Certificate of Review this __1st__ day of __June__ , 1979.

Appellate Government Counsel
U.S. Army Legal Services Agency
5611 Columbia Pike
Falls Church, Virginia 22041

Appellate Defense Counsel
U.S. Army Legal Services Agency
5611 Columbia Pike
Falls Church, Virginia 22041

**UNITED STATES, Appellee,**

v.

**Private First Class E-3 Felix L. LOCKETT, SSN 419–88–5390, United States Army, Appellant.**

**CM 437752.**

U. S. Army Court of Military Review.

18 May 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Carl F. Meyer, Jr., JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

The appellant was charged with committing sodomy by force and without the consent of the victim and communicating a threat to kill her "if you don't do it." He pleaded guilty to consensual sodomy. Although the Government attempted to prove forcible sodomy, the trial judge as a general court-martial found him guilty of consensual sodomy and communication of a threat in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 934. The sentence of a bad-conduct discharge, confinement at hard labor for seven months, total forfeitures and reduction to Private E-1 was approved by the convening authority.

■ The appellant claims that since the sodomy and the threat occurred simultaneously, the trial judge erred by failing to consider the charges multiplicious for sentencing. In support of his contention, he calls our attention to several cases which hold that assault, assault with intent to commit rape, and indecent assault, when accompanied by a communication of a threat, are not separately punishable when committed at substantially the same time and place upon the same victim. *United States v. Morris*, 41 C.M.R. 731 (A.C.M.R. 1970); *United States v. Conway*, 33 C.M.R. 903 (A.F.B.R.1963); *United States v. Gethard*, 33 C.M.R. 712, 718 (A.F.B.R.1962). The relief he seeks is that we reassess the sentence and disapprove the punitive discharge.

Forcing unnatural carnal copulation upon another is punishable by confinement at hard labor for a maximum of ten years. Whereas, consensual engagement in the act is limited to five years' confinement. A victim who engages in sodomitic relations through fear of death does so forcibly. The threat in this case constitutes the force that generated the fear. Essentially, by threatening the victim, the appellant committed forcible sodomy. Since he chose to plead guilty to consensual sodomy and not guilty to communicating a threat, he risked conviction and punishment for two separate offenses, with eight years' confinement being the authorized maximum.* However, had he chosen to plead guilty to forcible sodomy and was also found guilty of communicating a threat, the charges would have been multiplicious for sentencing and the maximum imposable period of confinement would have been ten years. *See United States v. Miller*, 2 M.J. 546 (A.C.M.R. 1976), *rev'd on other grounds*, 3 M.J. 292 (C.M.A.1977). The appellant benefited from his hard choice and has no basis for complaint.

The cases cited by him are discernible in fact and law from this case. They involve various forms of assaults combined with

---

* The maximum period of confinement for communicating a threat is three years. Parenthetically, we observe in military law often a service member is subjected to a more severe punishment by threatening to commit a crime than he would be by perpetrating it. Manual for Courts-Martial, United States, 1969 (Revised edition) paragraph 127c.

communication of a threat. An assault is an attempt or offer to do bodily harm with unlawful force or violence and communication of a threat embraces a declaration of intent to do bodily harm. Both charges relate to the infliction of physical injury. When committed simultaneously upon the same victim, they are properly a single offense for punishment purposes. Whereas, consensual sodomy can be committed independently of actual or threatened physical harm. Accordingly, we hold that consensual sodomy and communication of a threat under the circumstances of this case are dual offenses for sentencing.

Although several templates have been devised by the United States Court of Military Appeals to decide the multipliciousness of offenses (*United States v. Harrison*, 4 M.J. 332 (C.M.A.1978)), this case demonstrates vividly the wisdom of the words of the United States Navy Court of Military Review:

> The determination of whether or not offenses are multiplicious for sentencing generally requires an examination of the facts in each instance to determine whether or not there has been an integration of events sufficient to result in essentially one offense. *United States v. Kinion*, 5 M.J. 930, 931 (N.C.M.R.1978).

■ The appellant also prays that we reassess the sentence because the staff judge advocate incorrectly advised the convening authority on the first page of the review that the maximum period of confinement was thirteen years, when in fact it was eight years. Apparently, the staff judge advocate computed the confinement on the basis of a conviction for communicating a threat and forcible sodomy rather than consensual sodomy.

The difference between the actual and stated authorized maximum confinement is *de minimus*. A copy of the review was served upon the trial defense counsel pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). Since he did not rebut it, the error was waived without prejudice. *United States v. Turner*, 2 M.J. 778 (A.C.M.R. 1976), *pet. denied*, 5 M.J. 1107 (CMA 1976).

Moreover, it is unlikely that either the trial judge or the convening authority would have reduced the sentence absent the multiplicity and post-trial review issues. In our opinion, the sentence imposed upon the appellant is extremely lenient for the despicable acts he committed.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge DRIBBEN concur.