UNITED STATES

v.

Alphonso M. WILSON, 428 08 5359, Lance Corporal (E-3), U. S. Marine Corps.

NCM 79 0648.

U. S. Navy Court of Military Review.

Sentence Adjudged 13 Jan. 1979.

Decided 12 Feb. 1980.

LT P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

LT Joseph G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before BAUM, PRICE and EDWARDS, JJ.

BAUM, Senior Judge:

Appellant has assigned five errors before this Court; in one he reasserts a trial challenge for cause of the military judge and in another he questions the propriety of the staff judge advocate conducting the post-trial review. The basis claimed at trial for challenging the judge was that he violated Canons 1, 2, and 3 of the Code of Judicial Conduct through comments to the staff judge advocate which "shattered" the appearance of impartiality and "perhaps the fact of impartiality." It was the staff judge advocate's testimony concerning this matter which underlies the assertion that he was disqualified to review the case pur-

suant to Article 61, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 861.

The staff judge advocate testified that the military judge previously had occupied the position of staff judge advocate for the convening authority, Commander United States Naval Forces Marianas, and that sometime after the judge was relieved by the current staff judge advocate and transferred to Subic Bay, Republic of the Philippines, as circuit judge, he communicated to the current staff judge advocate a statement to the effect that the staff judge advocate could assure the Admiral that he was giving them hard sentences at Subic Bay. The staff judge advocate elaborated further by saying that these comments were conveyed to him in jest and that he did not relay them to the Admiral. He did convey them to trial defense counsel, however, during negotiations on a pretrial agreement in another case, which prompted defense counsel to challenge the judge for cause.

The military judge neither acknowledged nor denied making such a statement to the staff judge advocate. He did recall a conversation, however, in which he commented on the quality of personnel assigned as court members and on his own reputation and standing among his peers as a "hard nose." This conversation was described by him as "partly facetious and partly serious." The judge then denied the challenge for cause after hearing argument from both counsel.

■ The staff judge advocate, as part of his post-trial review, was required to evaluate the judge's ruling in the light of his own testimony. While the mere fact of testifying at trial will not necessarily disqualify a staff judge advocate from reviewing a case, it will do so if the reviewer is "put in the position of weighing his testimony against or in the light of other evidence which conflicts with or modifies his own." *United States v. Choice*, 23 U.S.C.M.A. 329, 331, 49 C.M.R. 663, 665 (1975). This is the same " 'objective reasonableness' " test that is applied to a convening authority who has testified, that is, " '[i]f from his testimony, it appears that he has a personal connection with the case, he may not act as reviewing authority. On the other hand, if his testimony is of an official or disinterested nature only, he may properly review the record.' " [1]

■ After applying the test of objective reasonableness to this case, we are convinced that the staff judge advocate was disqualified from reviewing the record. Having reached this conclusion, we must decide whether to confront the other issues raised on appeal at this time or return the record for a new staff judge advocate's review and convening authority's action before taking further action on the record.

It may be argued that this Court is permitted no latitude in this area in light of *United States v. Quan*, 4 M.J. 244 (C.M.A. 1978) (Mem.). In that case the Court of Military Appeals declared that the record was improperly before them for further proceedings once it was determined that the staff judge advocate's review and the subsequent action thereon were null and void. As a result, the Court returned the record without addressing another, distinct, issue that had been raised. Despite the language in *Quan*, it is clear that the Court of Military Appeals has not always followed this course. *See also United States v. Diaz*, 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972). Several panels of the Army Court of Military Review have required that the record be returned for a new review and action before it address any other issues. *See United States v. Evans*, 49 C.M.R. 674 (A.C.M.R. 1974); *United States v. Lovett*, 47 C.M.R. 79 (A.C.M.R.1973); *United States v. Howard*, 47 C.M.R. 105 (A.C.M.R.1973); *United States v. Gilliam*, 46 C.M.R. 974 (A.C.M.R. 1972); *United States v. Jose*, 42 C.M.R. 802 (A.C.M.R.1970). Other panels of the Army Court, however, have considered the remaining issues notwithstanding their disposition returning a case because of a defective staff judge advocate's review. *See United States v. Sims*, 2 M.J. 499 (A.C.M.R.

1. *Id.*, citing *United States v. McClenny*, 5 U.S.C.M.A. 507, 513, 18 C.M.R. 131, 137 (1955).

1976); *United States v. Robinson*, 46 C.M.R. 661 (A.C.M.R.1972), *pet. denied*, 46 C.M.R. 1324 (C.M.A.1972).

 We believe the view as expressed in the Army Court's latest decision on this question, *United States v. Johnson*, 5 M.J. 664 (A.C.M.R.1978), is the better view. The Court in that case concluded that the decision to address all issues or return the record without so doing is a matter within the sound discretion of the appellate court and not something mandated as a matter of law. Accordingly, we will exercise our discretion and, in so doing, deem it appropriate in this case to return the record without addressing the other assignments of error.

For the reasons stated, the action of the convening authority is set aside and the record is returned to the Judge Advocate General of the Navy for submission to another staff judge advocate and convening authority for a new review and action on the record.

Judge PRICE and Judge EDWARDS concur.